IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>KANAN FASHIONS, INC., CREATIVE )<br>WAREHOUSING (CHICAGO), LLC, KANAN )<br>CRUISES, INC., KANAN HOLDINGS, LLC., )<br>VARSHA SHAH and MEHUL SHAH, )<br>)<br>Defendants. ) | Case No. 10 C 00331<br><br>Judge Robert W. Gettleman<br><br>Magistrate Michael Mason |

## AMENDED ELECTRONICALLY STORED INFORMATION AGREEMENT

Plaintiff United Central Bank and Defendants Kanan Fashions, Inc., Creative Warehousing (Chicago), LLC., Kanan Cruises, Inc., Kanan Holdings, LLC., Varsha Shah and Mehul Shah, pursuant to this Court's Standing Order on Electronic Discovery, agree and report as follows:

1. The parties met and conferred in person on February 17, 2010 for the purpose of assessing the defendants' electronically stored information and systems. The parties agree to hold an identical conference regarding the plaintiff's ESI and systems after the defendants file their counterclaim and have reasonably ascertained the scope of their anticipated discovery.

2. Defendants have identified a key person with the most knowledge of their management information systems who can reasonably facilitate anticipated discovery. That individual is no longer employed by defendants, has not been employed since November 2009 and is in ill health. He is not and may not be immediately available at all times to facilitate

discovery. Defendants note that of the four defendant entities, only Kanan Cruises, Inc. is currently operating, and with only two employees (the ship's captain and his assistant). The remaining entities are no longer operating. Kanan Fashions, Inc. has only two current employees, including the owner.

3. The parties have discussed the efforts taken by Kanan Fashions and Creative Warehousing to identify and preserve ESI. Kanan Fashions and Creative Warehousing have represented that their systems are not operational, that only two individuals have current access to the computer servers and each has been instructed to preserve relevant and discoverable ESI within their possession custody and control. Kanan Fashions and Creative Warehousing agree to immediately cease automatic backups of their systems to prevent the erasure of previously existing system data. In addition, Kanan Fashions and Creative Warehousing will determine and advise plaintiff of the date of their last successful full back up tape.

4. The parties agree to conduct discovery in stages, the first stage involving the expedited discovery served by the plaintiff on the issues raised in the request for preliminary injunction, and the second stage involving discovery on the merits of the remainder of the case and any counterclaims. It is understood and agreed that the first stage may not be fully completed prior to the commencement of the second stage.

5. To facilitate meaningful exchange of e-mails, United Central Bank has requested, and Defendants have agreed to provide a list of custodians of exchange mailboxes, their dates of employment and a description of their position and duties to enable United Central Bank to limit their requests of emails.

6. ESI will be produced in the native format. Emails shall be produced in Personal Storage Table format (.PSTs).

7. The parties have not reached agreement regarding any plan to eliminate duplicative data and to identify pages or segments of ESI produced in discovery. United Central Bank proposes that each party eliminate duplicates and identify pages or segments at its expense prior to production, or reimburse the opposing party for the cost of doing so. This issue remains unresolved.

8. The parties agree that the issue of whether embedded data or metadata should be produced is premature and should be addressed later.

9. Upon approval of the Court, the parties agree to enter into any protective orders that are reasonably necessary for the protection of their business interests and/or legal obligations.

10. Defendants have preliminarily identified an e-discovery liaison who is familiar with their electronic systems and capabilities and can explain those systems and answer relevant questions. That individual is no longer employed by defendants, has not been employed since November 2009 and is in ill health. He is not and may not be immediately available at all times to facilitate discovery oract as liaison.

11. The parties agree to return any materials inadvertently produced that are protected by the attorney-client or attorney work product privileges within 24 hours of receiving a request to do so.

12. The parties discussed at length the fact that Kanan Fashions/Creative Warehousing's file server is defunct due to a suspected failed drive, and thus, no data can be retrieved from that server. Defendants have not identified whether and when they intend to repair the drive and restore the data. United Central Bank recommends that the Defendants

promptly make all reasonable attempts to repair the server and salvage information from the drive in order to respond to discovery. United Central Bank is awaiting the defendants' response.

13. This agreement is subject to Rule 26(b)(2)(B) Specific Limitations on Electronically Stored Information as to any information that "is not available because of undue burden or cost" or other court approved conditions for discovery.

| UNITED CENTRAL BANK | KANAN FASHIONS, INC., CREATIVE WAREHOUSING (CHICAGO), LLC, KANAN CRUISES, INC., KANAN HOLDINGS, LLC., VARSHA SHAH and MEHUL SHAH |
|---|---|
| By: ___s/ Vilia M. Dedinas___<br>One of its Attorneys | By:__ s/ David E. Muschler_____<br>One of their Attorneys |
| Alexander R. Domanskis<br>Vilia M. Dedinas<br>Bradley S. Block<br>Boodell & Domanskis, LLC<br>205 North Michigan Avenue, Suite 4307<br>Chicago, IL 60601<br>Phone: (312) 540-1075<br>Fax:    (312) 540-1162<br>e-mail: domanskis@boodlaw.com<br>        vdedinas@boodlaw.com<br>        brad.block@bradblocklaw.com | Alan R. Borlack<br>David E. Muschler<br>Bailey, Borlock Nadelhoffer LLC<br>135 South LaSalle Street<br>Suite 3950<br>Chicago, Illinois 60603<br>Phone: (312) 629-2700<br>Fax:    (312) 629-0174<br>email: aborlack@bbn-law.com<br>Email: cubmusch@aol.com |

Dated: February 18, 2010