# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 10-CV-00331 |
| | ) | |
| KANAN FASHIONS, INC., et al., | ) | Judge Robert Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Michael Mason |

## AFFIDAVIT OF DAVID ABERMAN

I, David Aberman, do hereby declare under the penalty of perjury that the following is true and correct:

1.      I am over the age of 18, and capable of making this affidavit; I have personal knowledge of the facts set forth below and submit this affidavit based on my personal knowledge and belief.

2.      I am a Director of Forensic Services at Document Technologies, Inc. ("DTI"). I have more than fourteen years of experience in providing a wide range of dispute advisory and complex litigation consulting services, most specifically in the field of computer forensics, wherein I have conducted numerous computer forensic investigations, imaged and analyzed various computer media and electronic information storage devices, recovered and reconstructed previously deleted electronically stored information, reported on and testified about my computer forensic findings. My specialization in computer forensic services includes: data identification, preservation, and analysis of electronic data for use in legal proceedings, and I have led investigations

on behalf of external counsel, general counsel, corporations, boards of directors, audit committees, and various government entities. My work has included investigations into areas such as: Foreign Corrupt Practices Act, theft of intellectual property, whistleblower letters, financial statement manipulation, evidence spoliation, SEC investigations, and investigations of insider trading. I hold a bachelor's degree in accounting, am a Certified Fraud Examiner, a Certified Computer Crime Investigator, and a Licensed Private Investigator (Illinois). I am a member of the Association of Certified Fraud Examiners and the High Tech Crime Network. I have attended numerous classes, courses and programs in the field of computer forensics and in the use of various state-of-the-art software and techniques for the recovery, examination and analysis of electronically stored information. Additionally, I have made presentations to numerous corporations, associations, and law firms on the matter of Computer Forensics and Electronically Stored Information ("ESI").

3.   I was retained by Boodell and Domanskis, LLC to assist with their discovery needs including scoping, collection, analysis, and other consultative services surrounding electronically stored information ("ESI").

4.   Based upon my analysis of the United Central Bank's systems in Chicago, the following has been noted:

    A.   <u>Location of Bank's ESI</u> = MB/UCB ESI is stored in the following locations:

        i.   Current email is on a Microsoft Exchange server.

        ii.   Current e-Documents are stored on a file share server. Though the server has a number of partitions, the D partition ("the D:\ Drive") represents

the shared location in which employees can save data. Access to specific folders is managed through Active Directory for all employees. The D:\ Drive contains three folders; Users – which represents the user or personal share, Mutual Bank – which represents department shares whose access is restricted to the assigned department, and Public – whose structure is similar to the Mutual Bank folder, however all departments have read only access to this location while the respective department has full rights to it. The Public folder is used as a method to assign access to specific documents for people outside of their respective department.

    iii.    Symantec Vault is utilized to archive Microsoft Exchange email that is either older than one year or in Excess of 1MB in size.

    iv.    Symantec Vault is utilized to archive server share e-Documents that are older than one year.

    v.    Loan Processing utilizes the Horizon platform which is hosted and maintained by Fidelity Information Services (a third party provider).

    B.    <u>Search Limitations of the Bank's ESI Systems</u>

    i.    Current email in Microsoft Exchange was exported out for each of the custodians noted by counsel. As an older version of Exchange is in use by the Bank and some custodian's mailboxes exceeded the 2GB limit, the entire Exchange database had to be collected and specific custodian mailboxes had to be exported.

    ii.    Current e-Documents located on the file shares were collected in full. The current bank infrastructure is unable to perform meaningful searches, for discovery purposes, across the network for relevant data in order to limit the collection.

3

iii.     The current Symantec Vault setup has limited search capabilities in order to refine data based on extensive keyword searching and therefore was culled/collected based on the following criteria:

a.     Refined by searching for Email relating to the custodian list provided by counsel.

b.     e-Documents were collected in full without refining.  The relevant metadata within e-Documents, in order to determine the author, modifier, and viewer of a document is not identified.  This prevents our ability to cull data based on a custodian name search in the same fashion as the email noted above.  The current vault setup has limited search capabilities using extensive keyword searching and was therefore preserved through a full collection of this data store.

C.     <u>Collection of the Bank's ESI</u> = The following is a summary of sources and descriptions of the data collected:

i.     Current Email = DTI collected approximately 130GB worth of Microsoft Exchange data and was able to extract the mailboxes of the specific custodians noted by counsel, reducing the data population to approximately 67GB.

ii.     Current e-Documents = As noted above, the current Bank's infrastructure is unable to perform meaningful searches, for discovery purposes, in order to allow for pre-collection filtering.  As such, approximately 90GB of data was collected.

iii.     Archived Email = Filtering based on utilizing the custodians name for searches yielded approximately 70GB of data.

iv. Archived e-Documents = As the Bank's current Symantec Vault has limited search capabilities to assist with pre-collection culling, DTI collected 37GB of e-Documents from this data source.

v. John Benik's Computer = This computer was forensically imaged (40GB).

5. Opposing counsel's ESI liaison has reiterated on several occasions in which I have been present, his concern regarding United Central Bank under-collecting data and potentially missing a document. The Bank attempted within its current technical infrastructure to limit the collection while ensuring preservation of potentially relevant data.

FURTHER AFFIANT SAITH NAUGHT:

Dated: June 24, 2010

> **OFFICIAL SEAL**
> **SARA ANN CONNOLLY**
> **Notary Public - State of Illinois**
> **My Commission Expires May 29, 2011**

David E. Aberman
David Aberman

SUBSCRIBED AND SWORN TO before me on this 24 day of June , 2010.

Notary Public

May 29, 2011
My commission expires

5