UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED CENTRAL BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>KANAN FASHIONS, INC., CREATIVE WAREHOUSING (Chicago), LLC, KANAN CRUISES, INC., KANAN HOLDINGS, LLC, VARSHA SHAH, AND MEHUL SHAH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) No. 10 cv 00331<br>)<br>) Judge Gettleman<br>) Magistrate Judge Mason<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND SET BRIEFING SCHEDULE**

Now come Defendants/Counterclaimants Kanan Fashions, Inc., Creative Warehousing (Chicago), LLC, Kanan Holdings, LLC, and defendants Varsha Shah and Mehul Shah (collectively "Defendants"), by their attorneys, and request that the Court strike Plaintiff United Central Bank ("UCB") Motion For Entry Of A Protective Order e-filed on Friday, August 13, 2010 at 5:45 p.m. and set a briefing schedule. In support, Defendants state as follows:

    1.    Plaintiff UCB initially proposed an 8-paged, single-spaced proposed protective order. Defendants worked hard over several weeks to negotiate with UCB and reach agreement, even supplying UCB with pertinent case law. The parties did significantly bridge many differences but did not reach a complete agreement.

    2.    Attached as Exhibit 1 is Defendants' final proposed red-lined Protective Order which through the redlining reflects the differences between the parties.

    3.    On Friday, August 13, 2010 at 5:45 p.m., Plaintiff UCB e-filed its Motion For Entry Of A Protective Order. While UCB attached a clean copy of its proposed Protective Order, it did not attach Defendants' red-lined proposed Order nor otherwise indicate to the Court

the passages where Defendants contested its proposed Protective Order and why it does not accept Defendants' position. In an e-mail dated August 13, 2010, Plaintiff UCB advised Defendants that "[i]t is not our responsibility to submit your proposed version of the protective order to the court [and] [i]f you want to have the court consider your proposed version, you will need to submit it yourself."

4. Plaintiff UCB's position is not fair to Defendants. It is UCB's burden to justify any particular provision of the Protective Order. If UCB is permitted to file its current Motion bereft of the reasons why UCB's position should be adopted, Defendants will have nothing to respond to in their "response". UCB would then presumably reply to Defendants Brief and assert its positions for the first time, as if Defendants--instead of Plaintiff--had the burden of justification.

5. As a result, Defendants request that the Court strike UCB's Motion and set a briefing schedule.

WHEREFORE, Defendants request that the Court strike Plaintiff United Central Bank's Motion For Entry Of A Protective Order e-filed on Friday, August 13, 2010 at 5:45 p.m. and set a briefing schedule.

      KANAN FASHIONS, INC., CREATIVE WAREHOUSING
      (Chicago), LLC, KANAN CRUISES, INC., KANAN
      HOLDINGS, LLC, VARSHA SHAH, and MEHUL SHAH

      By:  /s/ Alan R. Borlack
         Alan R. Borlack
         Bailey Borlack Nadelhoffer LLC
         135 South LaSalle, Suite 3950
         Chicago, Illinois 60603
         Phone: (312) 629-2700
         Fax:  (312) 629-0174
         e-mail: aborlack@bbn-law.com

         James A. Flesch

Don E. Glickman
Glickman, Flesch & Rosenwein
230 West Monroe Street, Suite 800
Chicago, Illinois 60606
(312) 346-1080

## CERTIFICATE OF SERVICE

I, Alan R. Borlack, an attorney, hereby certify that on August 16, 2010, I filed the foregoing with the Clerk of the Court and served such filing via the Court's ECF system to all attorneys of record in this matter.


/s/ Alan R. Borlack
    Alan R. Borlack

**DEFENDANTS' DRAFT**
**8/13/2010**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK,<br><br>   Plaintiff,<br><br>v.<br><br>KANAN FASHIONS, INC.<br>CREATIVE WAREHOUSING (Chicago), LLC,<br>KANAN CRUISES, INC.,<br>KANAN HOLDINGS, LLC, VARSHA SHAH, AND MEHUL SHAH,<br><br>   Defendants. | Case. No. 10-CV-331<br><br>Judge Robert Gettleman<br><br>Magistrate Michael Mason |
| KANAN FASHIONS, INC.<br>CREATIVE WAREHOUSING (Chicago), LLC,<br>KANAN CRUISES, INC.,<br>KANAN HOLDINGS, LLC, VARSHA SHAH, AND MEHUL SHAH,<br><br>   Counterplaintiffs,<br><br>v.<br><br>UNITED CENTRAL BANK,<br><br>   Counterdefendant. | |

## [DEFENDANTS' PROPOSED] PROTECTIVE ORDER

In the interests of (i) ensuring an efficient and prompt resolution of this action; (ii) facilitating discovery by the Parties litigating this action; and (iii) protecting the Parties' and non-Parties' confidential information from improper disclosure or use, and pursuant to Federal Rule of Civil Procedure 26(c), subject to the Court's approval, the Parties in this action stipulate to the following protective order:

## DEFINITIONS

A. "Confidential Information" means any commercial information, trade secret, or other confidential research or development, as such terms are used in Federal Rule of Civil Procedure 26(c), as specifically demarcated in this paragraph A. In addition to trade

EXHIBIT 1

secrets, as defined below, Confidential Information is information that identifies, concerns or relates to the ~~Producing Party's business operations, processes, types of work, or to production, sales, shipments, purchases, transfers,~~ identification of any client or customer of the Producing Party, or customers of the client or customer, or the Producing Party's or its client's or customer's, or the client's or customer's customer, personnel files, ~~accounts~~ inventories, amount or source of any income, profits, or losses or expenditures, the disclosure of which information Counsel for the Producing Party determines in good faith is likely to cause harm to the business interests and/or competitive position of the Producing Party or any such client or customer of the Producing Party, or such client's or customer's customer;

B. "Highly Confidential Information" means Confidential Information of a highly confidential ~~and/or proprietary~~ nature, ~~including information pertaining to the Producing Party's internal policies and procedures, and information impacting~~ or that reflects~~ing~~ specific Bank security policies or measures. Highly Confidential Information also means those portions of the following that do not relate to any of the Defendants herein: loans, loan amounts, loan committee meetings and the minutes of such meetings, meetings of the Producing Party's Boards of Directors and the minutes of such meetings, reports regarding or related to the approval, provision, servicing and collection of loans or other services provided by the Bank to entities other than any of the Defendants, to the extent that any of the foregoing relate to, refer to, or discuss non-Parties to this Action. Additionally, Highly Confidential Information means information pertaining to financial data, ~~financial~~ statements, bank account numbers, financial account numbers, personal addresses and personal telephone numbers, social security numbers, employer identification numbers, ~~or~~ driver's license numbers, dates of birth, and names of minor children~~, or other information regarding the Producing Party's clients or customers other than Defendants in this action.~~ Highly Confidential Information shall also mean information covered by a recognized privilege, matters occurring before the grand jury, investigations by government entities, ~~or~~ information required by statute to be maintained in confidence, and tax returns;

C. "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated in whole or in part;

D. "Document" is defined as that term is used in Federal Rule of Civil Procedure 34(a);

E. "Party" or "Parties" means Plaintiff and/or Defendant(s) in this action;

F. "Bank" means United Central Bank or Mutual Bank;

G. "Defendants" means any of Kanan Fashions, Inc., Creative Warehousing (Chicago) LLC, Kanan Holdings, LLC, Kanan Cruises, Inc., Mehul Shah, or Varsha Shah;

H. "Producing Party" means any Party or subpoenaed party to this Action producing documents, information or other materials or giving testimony in this Action;

I. "Trade Secret" is defined as that term is used in Section 2(d) of the Illinois Trade Secrets Act:

(d) "Trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:

(1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality;

765 ILCS 1065/2(d), and the case law interpreting the Illinois Trade Secrets Act;

J. "Action" means the above-captioned action pending in this Court; and

K. "Counsel" means (i) when in reference to a Party, that Party's counsel of record; and (ii) when in reference to a subpoenaed party, that subpoenaed party's designated counsel, or if it does not have counsel, then a designated representative of the subpoenaed party.

## DESIGNATION OF CONFIDENTIAL INFORMATION

1. In connection with discovery proceedings in this Action, a Producing Party may designate any document, thing, testimony or other information derived therefrom as "Confidential Information" if Counsel for the Producing Party determines in good faith that the document, thing, testimony, or other information obtained therefrom constitutes "Confidential Information" as defined in paragraph A of this Order.

2. In connection with discovery proceedings in this Action, a Producing Party may designate any document, thing, testimony or other information derived therefrom as "Highly Confidential Information" if Counsel for the Producing Party determines in good faith that the document, thing, testimony, or other information obtained therefrom constitutes "Highly Confidential Information" as defined in paragraph B of this Order.

3. Confidential Information shall be designated by stamping "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the copies of the document produced. Stamping "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Labeling any electronic or magnetic media (e.g. CD, DVD, or computer disk) with the designation "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall designate all pages of the documents contained on the electronic or magnetic media as confidential, unless otherwise indicated by the Producing Party. In the event that only part or a portion of a document contains "Confidential Information", the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof containing Confidential Information or Highly Confidential Information, to all receiving Parties and indicating where redaction took place by either blacking out the redacted information or whiting it out and

labeling the whited-out portion as "Redacted"; provided, however, that counsel of record for each Party may agree in writing to an alternative to redaction for any particular document or category of documents. The Parties may also agree in writing that other information such as information contained in a spreadsheet may be produced in another form in order to avoid the production of Confidential Information or the need for lengthy redactions of such information.

    4.    Highly Confidential Information shall be designated by stamping "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " on the copies of the document produced. Stamping "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Labeling any electronic or magnetic media (e.g. CD, DVD, or computer disk) with the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall designate all pages of the documents contained on the electronic or magnetic media as confidential, unless otherwise indicated by the producing party. In the event that only part or a portion of a document contains "Highly Confidential Information", the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof containing Highly Confidential Information, to all receiving Parties and indicating where redaction took place by either blacking out the redacted information or whiting it out and labeling the whited-out portion as "Redacted"; provided, however, that counsel of record for each Party may agree in writing to an alternative to redaction for any particular document or category of documents. The Parties may also agree in writing that other information such as information contained in a spreadsheet may be produced in another form in order to avoid the production of Highly Confidential Information or the need for lengthy redactions of such information.

    5.    Testimony taken at a deposition, hearing or other proceeding may be designated as Confidential or Highly Confidential by making a statement to that effect on the record at the deposition or other proceeding or by e-mailed or faxed written notice to counsel of record within seven (7) business days after first receipt of the transcript by designating counsel of record. All deposition testimony (including notes thereof) shall be treated as Confidential until the expiration of the referenced seven (7) business day period unless the parties agree in writing to a different period of time. Arrangements shall be made with the court reporter taking and transcribing the proceeding to designate on the cover of the transcript that it contains Confidential Information or Highly Confidential Information and to label and designate such portion(s) of the transcript containing information designated as Confidential or Highly Confidential appropriately.

    6.    Material Designated as Confidential Information or Highly Confidential Information Under This Order. The information contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information or Highly Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

    7.    Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court (and all persons assisting the court in this Action, including law clerks, court reports, and stenographic and clerical personnel), counsel for a Party (including that

counsel's employees and independent contractors assisting such counsel in the prosecution or defense of this Action), and to the "qualified persons" designated below:

    a. A Party, or an officer, director, or employee of a Party whose review of the information is deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action.

    b. Experts or consultants, including ESI consultants, (together with their clerical staff) retained by counsel or by a Party to assist in the prosecution, defense, or settlement of this Action.

    c. Third-party vendors, including ESI liaisons and contractors to ESI liaisons, retained by counsel or by a Party to assist or facilitate document and/or data management.

    d. Court reporters employed in this Action.

    e. A Party witness or other witness at, or in preparation for, any deposition or other proceeding in this Action.

    f. Authors, addressees, and recipients of the particular information designated as confidential solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed.

    g. Any other person as to whom the Parties in writing agree.

    h. <u>A designated non-lawyer representative of each Party.</u>

    8. Highly Confidential Information (Attorneys' Eyes Only Material) and the information contained therein shall be disclosed only to the Court (and all persons assisting the court in this Action, including law clerks, court reports, and stenographic and clerical personnel), counsel for a Party (including that counsel's employees and independent contractors assisting such counsel in the prosecution or defense of this Action), and to the "qualified persons" listed in subparagraphs 7(a) through (<u>hg</u>) above, but shall not <u>otherwise</u> be disclosed to a Party, or to an officer, director or employee of a Party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order regarding confidentiality also apply.

    9. Before receiving any material containing Confidential Information or Highly Confidential Information, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be promptly provided to counsel for each other Party and for the Parties.

    10. Depositions shall be taken only in the presence of counsel and "qualified persons."

    11. The failure to designate a document, testimony, or other information as

"CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not constitute a waiver of such claim. With respect to documents produced prior to the date this protective order is entered, a producing party or non-party may designate a document as "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within a reasonable time after this protective order has been entered, with the effect that the document is subject to the protections of this Protective Order from such time thereafter. With respect to documents produced on or after the date this protective order is entered, a producing party or non-party may designate a document as "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time the document is produced or within a reasonable time thereafter, with the effect that the document is subject to the protections of this Protective Order from such time thereafter.

12. The restrictions embodied in this Order shall not apply if there is a finding to that effect by the Court, or a rescission by the Producing Party of a confidentiality designation, on the grounds that: (i) information which is designated as Confidential or Highly Confidential was or has become public knowledge or publicly available absent a breach of the restrictions embodied in this Order, or (ii) such information was already known to the party to whom such disclosure was made by a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the Producing Party, or any other legal obligation or privilege.

13. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, regardless of whether such material is also obtained through discovery in this action or from disclosing its own confidential material as it deems appropriate. A Producing Party shall not designate materials as "Confidential" or "Highly" Confidential Information with any purpose or intent to improperly impede or obstruct the receiving Party's ability to prosecute or defend any claim or otherwise to litigate in this Action.

14. Nothing in this Order shall limit a Producing Party's use or disclosure of its own information designated as "Confidential Information" or "Highly Confidential Information." To the extent a Producing Party designates materials as "Confidential Information" or "Highly Confidential Information" and subsequently uses or discloses those materials in a manner inconsistent with confidential treatment under this Protective Order, that Producing Party shall forthwith rescind the designation of those materials as "Confidential Information" or "Highly Confidential Information" under this Protective Order.

15. Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.__ so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.__ If a Producing Party discovers that it has inadvertently mis-designated a document or information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the Producing Party shall forthwith correct the mistaken designation and reproduce the document or information with the correct designation.

16. ~~Notwithstanding any provision in this Order, documents or information containing Confidential Information or Highly Confidential Information shall retain their confidential status and be entitled to the protections of this Order even if the Bank has previously disclosed, or subsequently discloses, such documents or information to a department, agency or division of the federal, state, or local government, including a regulatory agency, or a credit reporting agency.~~ <u>Any documents or information containing Confidential Information or Highly Confidential Information shall not automatically and necessarily lose their confidential status and the protections of this Order by operation of paragraph 12 herein simply because the Bank has previously disclosed, or subsequently discloses, such documents or information to a department, agency or division of the federal, state, or local government, including a regulatory agency.</u>

17. A Party shall promptly notify a Producing Party of any attempt by any person, entity or court to compel that Party, via subpoena or other service of process, to disclose any Confidential Information or Highly Confidential Information. The Party shall <u>take reasonable and good faith effort to</u> provide the Producing Party with a reasonable opportunity to contest such subpoena or other service of process.

18. Any pleading, motion, exhibit or other paper to be to be filed with the Court which contains "Confidential Information" or "Highly Confidential Information" under this Protective Order may be filed under seal with the Court pursuant to and in accord with Local Rules 26.2 and 5.8, provided that the Court, on separate motion and for good cause shown, grants leave to file such documents under seal. Prior to any Party's use of any of the Confidential Information or Highly Confidential Information as described above in any motion or document to be filed with the Court, the Party shall file a motion for a protective order seeking to file such Confidential Information or Highly Confidential Information under seal. The non-moving Party may oppose the motion to file the Confidential or Highly Confidential documents under seal. The movant shall have the burden of establishing the need and basis for confidential treatment of the Confidential Information or Highly Confidential Information. In the event the Court denies the Party leave to file such documents under seal, the Party shall file the documents in the public record (i.e. not under seal).

If the Court grants a Party leave to file papers under seal, such papers shall be filed under seal with the appropriate cover sheet pursuant to Local Rules 5.8 and 26.2. Confidential Information and Highly Confidential Information contained in the papers shall remain under seal until further order of this Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Information or Highly Confidential Information pursuant to Paragraphs 7 and 8 of this Order. Upon or after the filing of any paper containing Confidential Information or Highly Confidential Information, the filing party will file on the public record a duplicate copy of the paper that does not reveal the Confidential Information or Highly Confidential Information. Further, if the protection for any such information expires, a Party may file on the public record a duplicate copy which contains

**DEFENDANTS' DRAFT**
**8/13/2010.**

the formerly protected information.

      19.     If any Party objects to the designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the objecting party must provide written notice to the designating party identifying the specific document(s) which the objecting party contends have been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the grounds for the objection. If the Parties are unable to resolve any such objection within seven (7) calendar days of receipt of the objection (except the objecting party and the Producing Party may agree to extend or shorten such period), the objecting party may move for an order of the Court modifying or vacating the designation. If the objecting party moves for such an order, the burden is on the Producing Party to justify the designation of the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The document or information shall continue to be treated as Confidential Material until the motion has been decided by the Court.

      20.     Nothing in this Protective Order shall require the production of information or documents that the Producing Party claims is protected under the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity from disclosure. The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claims that such material is privileged or protected from discovery as attorney work product or otherwise immune from disclosure, and such inadvertent production, in itself, shall not be held to have waived any right.

      a.     In the event that a Producing Party inadvertently produces a document that it considers to be subject to any privilege or protection from disclosure as attorney work product or otherwise immune from disclosure, the Producing Party shall upon discovery promptly give written notice to the receiving Parties. Such written notice shall (a) identify the document and (b) state the nature of the privilege(s) or protection(s) asserting. Upon receipt of such notice, all receiving Parties that have received a copy of such document(s) shall promptly return the document(s) together with all copies of the document(s) to the Producing Party unless there is a pending dispute about the privileged nature of the document(s). To the extent that the document at issue was produced in an electronic format, no return will be required until such time as the Party claiming privilege provides a replacement production from which the document alleged to be privileged or otherwise protected from disclosure has been removed.

      b.     In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or otherwise protected from disclosure, to all receiving Parties, together with such written notice. Upon receipt of the redacted copy of the document, each receiving Party shall promptly return the unredacted copy of the document to the Producing Party and destroy any other copies thereof unless there is a dispute about the privileged nature of the part(s) of the document. To the extent that the document at issue was produced in an electronic format, no return will be required until such time as the Party claiming privilege or other protection from disclosure provides a replacement production from which the unredacted document has been removed and replaced with a redacted

8

**DEFENDANTS' DRAFT**
**8/13/2010.**

copy.

   c. If a receiving Party disputes the Producing Party's claim of privilege or protection, pursuant to Local Rule 37.2, the receiving Party and Producing Party shall promptly meet and confer to attempt to resolve the claim or privilege or protection. If the receiving Party and Producing Party cannot resolve the dispute after their meet and confer, the Producing Party may submit the issue to the Court for resolution within seven (7) business days thereafter. However, the receiving Party shall refrain from further using or otherwise disclosing the document or its contents, or parts thereof, claimed to be privileged or otherwise protected from disclosure until the dispute over the claim of privilege or other protection from disclosure is resolved.

  21. Within sixty (60) days after termination of this Action (including the resolution of all appeals, if any), all persons having received information designated as "Confidential Information" or "Highly Confidential Information," must either make a good faith effort to return such material and all copies thereof to the Party or Non-Party that produced it, or destroy all such material and certify that fact in writing to the Party or Non-Party. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Party's employees, counsel, and counsel's employees must not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as "Confidential Information" or "Highly Confidential Information" to any person except pursuant to Court order or agreement with the Party or Non-Party that produced the information designated as "Confidential Information" or "Highly Confidential Information." All Confidential or Highly Confidential materials returned to the Parties, Non-Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph.

  22. Upon the termination of this Action (including any appeals), a Party may obtain the return of any Restricted Documents or previously filed under seal by a motion filed within sixty (60) days of such termination. If a motion for the return of Restricted Documents or documents filed under seal is not filed within such sixty (60) day period, such documents(s) will become part of the public case file.

  23. The Parties and their counsel shall continue to be bound by the terms of this Protective Order after the termination of this litigation.

  24. This Order shall be without prejudice to the right of the Parties:

   a. to bring before the Court at any time the question of whether any particular document or information is Confidential Information or Highly Confidential Information or whether its use should be restricted; or

   b. to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

**DEFENDANTS' DRAFT**
**8/13/2010.**

25. This Order, including the fact that the Parties have stipulated to any provision in this Order, shall not be deemed to prejudice the Parties in any way regarding future application for a modification of this Order.

26. This Order is not intended to and shall not be construed to govern the admissibility or use of Confidential Information or Highly Confidential Information at any trial or evidentiary hearing in open court. Any request for confidentiality, closure or sealing of any hearing or trial, or of any documents to be used at such hearing or trial, must be made to the judge presiding over such trial or evidentiary hearing.

27. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without unnecessarily involving the Court in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by any Party or to be an alteration of the confidentiality or nonconfidentiality of any such document or information or to be an alteration of any existing obligation of any Party or the absence of any such obligation. This Order shall survive the final termination of this action to the extent that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order.

28. Nothing in this Order shall be construed to modify or contradict any Local Rule, including Local Rules 26.2 and 5.8.

Agreed to by:

| UNITED CENTRAL BANK | KANAN FASHIONS, INC. |
|---|---|
| | CREATIVE WAREHOUSING (Chicago), LLC |
| By: _____ | KANAN CRUISES, INC. |
| One of its attorneys | KANAN HOLDINGS, LLC |
| | VARSHA SHAH |
| Dated: August ___, 2010 | MEHUL SHAH |

By: _____
One of their attorneys

Dated: August ___, 2010

Approved and so ordered.

Dated: _____

_____

**DEFENDANTS' DRAFT**
**8/13/2010.**

United States District Judge

11

**DEFENDANTS' DRAFT**
**8/13/2010.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case. No. 10-CV-331 |
| KANAN FASHIONS, INC. | ) | |
| CREATIVE WAREHOUSING (Chicago), | ) | |
| LLC, | ) | |
| KANAN CRUISES, INC., | ) | Judge Robert Gettleman |
| KANAN HOLDINGS, LLC, VARSHA | ) | |
| SHAH, AND MEHUL SHAH, | ) | Magistrate Michael Mason |
| | ) | |
| Defendants. | ) | |
| KANAN FASHIONS, INC. | ) | |
| CREATIVE WAREHOUSING (Chicago), | ) | |
| LLC, | ) | |
| KANAN CRUISES, INC., | ) | |
| KANAN HOLDINGS, LLC, VARSHA | ) | |
| SHAH, AND MEHUL SHAH, | ) | |
| | ) | |
| Counterplaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Counterdefendant. | ) | |

**Attachment A to Agreed Protective Order**

**NONDISCLOSURE AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

I, _____, am employed by _____ as _____. I hereby certify:

1. I have read the Agreed Protective Order entered in the above-captioned action and understand its terms.
2. I agree to be bound by the terms of the Agreed Protective Order entered in the above-

captioned action. I agree to use the information provided to me solely for the purpose of this litigation.

3. I understand that my failure to abide by the terms of the Agreed Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of Court.
4. I submit to the jurisdiction of the United States Court for the Northern District of Illinois solely for the purpose of enforcing the terms of the Agreed Protective Order entered in the above-captioned action and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.
5. I make this certificate this _____ day of _____, 20___.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　(Signature)