IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 10 cv 00331 |
| | ) | |
| KANAN FASHIONS, INC., CREATIVE | ) | Judge Robert W. Gettleman |
| WAREHOUSING (CHICAGO), LLC, KANAN | ) | |
| CRUISES, INC., KANAN HOLDINGS, LLC., | ) | Magistrate Michael Mason |
| VARSHA SHAH and MEHUL SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT ON DISCOVERY

Pursuant to this Court's Orders of July 14 and August 12, 2010, Plaintiff United Central Bank (the "Bank") and Defendants Kanan Fashions, Inc., Creative Warehousing (Chicago), LLC., Kanan Cruises, Inc., Kanan Holdings, LLC., Varsha Shah and Mehul Shah ("the Kanan Defendants"), provide this Joint Status Report of August 24, 2010 regarding discovery as follows:

**A. Current Status of Discovery**

1. *Paper Discovery.* Subject to supplementation and discovery of new documents, the parties have completed an exchange of paper documents pursuant to document requests. The Bank has produced over 25,000 pages of documents and Kanan Defendants have produced over 7700 pages of documents. Subpoenaed parties have also produced substantial numbers of paper documents (see below).

2. *Interrogatories.* The parties have exchanged and answered numerous sets of interrogatories. The Bank has propounded two expedited requests relating to inventory and Raven and two additional sets of interrogatories, the latter two sets being comprised of 27 questions. The Kanan Defendants have propounded 17 interrogatories. The parties are continuing to complete and

supplement answers to the interrogatories as new information becomes available through investigation.

3. *Third party subpoenas*.  The Bank has issued 30 subpoenas to the Defendants' customers and banking associations as they have become known to them.  It expects to issue several more to establish its affirmative defenses as investigation unveils new entities.  The Bank has received responses from over 18 of these entities and is reviewing and producing the documents received.  The Kanan Defendants have subpoenaed 4 third parties and has received some responses and are awaiting the FDIC's response to the Subpoena issued to them on June 24.

4. *Review of the Parties' ESI Systems.*

The parties have sought to gain an understanding of each other's ESI systems with the assistance of liaisons and consultants through correspondence and meetings.  The Bank responded to a series of inquiries from the Kanan Defendants on May 4 and June 11.  The Kanan Defendants have responded to the Bank's inquiries on August 20, and due to the incomplete nature of the Kanan Defendants' access to its ESI, additional inquiries and discussions between the parties will be required regarding the Kanan Defendants' ESI.  Specifically, the Kanan Defendants are attempting to gain access to its server located at the former Creative Warehousing site in Aurora, which was foreclosed upon and is now owned by First Midwest Bank.  The Kanan Defendants are negotiating with the third party lender, Associated Bank, which has asserted a lien on the server, to gain access.  The Kanan Defendants also expect to provide within the next two (2) days its back-up tapes to a third party data processor, Digital Reef, that will attempt to restore the back up tapes and will assist the Kanan Defendants in determining if any defunct server back-up data is available.

5. *Electronic Discovery*.

a. United Central Bank:

The Bank has two sources of ESI collected and available to it: (a) all emails from Chicago and Texas branches loaded on a cloud environment which is available for Boolean searches, which after search culling, will be loaded on a document review platform; and (b) remaining ESI (group shares and file shares) which are being prepared to be loaded on a document review platform maintained by its vendor, Document Technologies, Inc. (DTI). Once these documents are loaded, DTI can cull the documents based upon the date range specified in this Court's Order of August 12, 2010, and based on key word and custodian searches to be specified by the Kanan Defendants.[1] At this time, the Bank's document database exceeds 110 gigabytes. The Bank cannot yet anticipate how large the database will be for review and production until said culling occurs. The Bank and DTI anticipate that ESI loading and culling can be completed by September 10, 2010. At that time, the Bank will be in a position to estimate how many attorney hours will be required to review and produce its ESI.

While its motion for protective order to limit discovery was pending before this Court in June and July, United Central Bank reviewed over 66,000 pages of limited date-range ESI in preparation for discovery production. The Bank asserts that it needs to designate a significant portion of these documents under a protective order and has brought a motion seeking the entry of such an order. The Kanan Defendants have filed a motion contesting certain provisions of the Bank's proposed protective order and requested a briefing schedule.

---

[1] The parties have reached agreement on the Kanan Defendants' key word search request to the Bank, but are refining a few terms which appear to generate excessive hits of irrelevant data. Accordingly, the final key word search list is still being formulated.

3

b. <u>The Kanan Defendants:</u>

The Kanan Defendants expect to provide within the next two days a copy of its exchange server database, which is comprised of 160 gigabytes of data, to the foregoing Digital Reef for loading. The Bank has requested production of certain portions of this database. Additionally, the Bank will be providing the Kanan Defendants with its proposed keyword, custodian and date range searches for the other portions of the exchange database. The Bank expects to make additional search requests and more information about the Kanan Defendants' databases and ESI becomes available.

6. *<u>Depositions.</u>*

The Bank has scheduled the depositions of certain third parties who have produced documents pursuant to subpoena (Raven, Inc. and Kohls) and expects to schedule additional depositions when documents become available. The parties believe it is necessary to first produce and review ESI before taking depositions of key parties and witnesses. Accordingly, no depositions have been scheduled.

7. *<u>Other Factors.</u>*

a. Western Springs Bank has brought a claim for mortgage foreclosure against Kanan Fashions in state court and is now seeking to intervene as a party in this Action. Their motion is pending before Judge Gettleman on August 26, 2010. It is unknown how their involvement may affect the discovery efforts in this case.

b. The Bank has brought a motion for partial judgment on the pleadings on both its complaint and on certain claims of the counterclaim. The motion is fully briefed and set for argument before Judge Gettleman on September 29, 2010. Partial judgment on the pleadings on either the complaint or counterclaim could impact the scope of discovery in this action.

c. The Bank requires a protective order to protect the confidential nature of its own documents and those of subpoenaed third parties before it can produce certain documents in discovery. The parties attempted to work out their differences in drafting an agreed order but were unsuccessful in certain respects. The Bank has therefore, presented a motion for entry of its version of the protective order. The Kanan Defendants have filed a motion which attaches a redlined protective order delineating the differences and has requested a briefing schedule.

**B. Proposed Schedule for Discovery**

Due to the fact that the parties are still at varying stages of identifying their ESI and its scope, the parties recommend the following immediate deadlines, and recommend that further deadlines be considered within 60 days:

1. The Bank to identify the amount of culled and potentially responsive ESI by September 15 2010 together with an estimated review and production date.

2. The parties to meet and confer with liaisons by September 15, 2010 for follow up regarding the Kanan Defendants' August 20, 2010 letter regarding its ESI systems.

3. Kanan Defendants to obtain its server or a forensic image of its server at Creative Wearhousing by September 15, 2010.

4. Kanan Defendants to catalogue its back-up tapes and provide information about the availability of defunct server data by September 15, 2010.

5. Kanan Defendants and the Bank to reach agreement on production and search terms of Kanan Defendants' exchange server by September 10, 2010.

6. The Court to set a further status date for Kanan Defendants' estimated review and production date for ESI.

7. The parties to continue depositions of third party witnesses.

8. The Court to set a further status on ESI discovery for a date in October, 2010.

5

August 24, 2010

| | |
|---|---|
| UNITED CENTRAL BANK | KANAN FASHIONS, INC., CREATIVE WAREHOUSING (CHICAGO), LLC, KANAN CRUISES, INC., KANAN HOLDINGS, LLC, VARSHA SHAH and MEHUL SHAH |
| By: ___/s/ Vilia M. Dedinas_____<br>    One of its Attorneys | By: _/s/ Alan R. Borlack_____<br>    One of their Attorneys |
| Alexander R. Domanskis<br>Vilia M. Dedinas<br>Bradley S. Block (of counsel)<br>Boodell & Domanskis, LLC<br>205 North Michigan Avenue, Suite 4307<br>Chicago, IL 60601<br>Phone: (312) 540-1075<br>Fax:   (312) 540-1162<br>e-mail: domanskis@boodlaw.com<br>        vdedinas@boodlaw.com<br>        bblock@boodlaw.com | Alan R. Borlack<br>David Muschler<br>Eric Grossman<br>Bailey Borlack Nadelhoffer LLC<br>135 South LaSalle Street, Suite 3950<br>Chicago, Illinois 60603<br>Phone: (312) 629-2700<br>Fax:   (312) 629-0174<br>email:  aborlack@bbn-law.com<br>        Cubmusch@aol.com<br>        egrossman@bbn-law.com |