UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 10 cv 00331 |
| | ) | |
| KANAN FASHIONS, INC., CREATIVE WAREHOUSING | ) | Judge Gettleman |
| (Chicago), LLC, KANAN CRUISES, INC., KANAN | ) | Magistrate Judge Mason |
| HOLDINGS, LLC, VARSHA SHAH, AND MEHUL SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF CERTAIN PROVISION IN AUGUST 12, 2010 RULING**

Now come Defendants-Counterclaimants Kanan Fashions, Inc., Creative Warehousing (Chicago), LLC, Kanan Holdings, LLC, and Defendants Varsha Shah and Mehul Shah ("Defendants"), by their attorneys, and respectfully move for reconsideration of that part of the Court's August 12, 2010 ruling that limits plaintiff United Central Bank ("UCB") to producing only those ESI documents outside of the ordered date-range that "support its affirmative defenses." In support, Defendants state as follows:

1. "Courts within this district . . . have characterized a motion to reconsider an interlocutory order as falling under the inherent authority of a district court, the common law, and/or under Federal Rule of Civil Procedure 54(b). [citations omitted]. The Court need not decide whether Defendants are invoking the inherent authority of the Court, the common law, Rule 54(b), or all three-or for that matter which one may apply (courts appear to apply the same standard of review under all three). It is simply enough to note that some procedural ground supports Defendants' motion." *Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc.* 2004 WL 2966948 at *3 (N.D.Ill. 2004). Defendants seek reconsideration as set forth below pursuant to all three.

2.      In its August 12, 2010 order served by e-filing on August 13, 2010 ("Order") the

Court overruled Defendants' objection and granted UCB's proposed date-range with the

exception that UCB produce "any documents supporting their affirmative defenses" (Order at 2):

Defendants argue that the relevant time frame for ESI should at least date back to February 1, 2009 because the Bank's affirmative defenses assert that, prior to June 1, 2009, Defendants provided the Bank with incorrect or false statements about the inventory used to secure the Loans. Defendants also state that Mutual Bank hired an accounting firm, Wolf & Co, to investigate Defendants' operations and inventory and Defendants argue that they should be entitled to any documents regarding Wolf & Co., work in 2009. In its Reply brief, the Bank states that it will provide Defendants with any non-privileged documents regarding the Wolf & Co. report. The Court also orders that the Bank provide Defendants with any documents supporting its affirmative defenses, if it has not already done so.

* * *
For these reasons, we grant the Bank's Motion for Protective Order on this issue and limit the Bank's ESI discovery responses to those documents within the June 1, 2009 to November 19, 2009 time frame. In addition, we order that the Bank produce any non-privileged documents regarding Wolf & Co.'s 2009 investigation of Defendants and any documents supporting their affirmative defenses, if they have not already done so.

3.      One permitted reason for reconsideration is that "the court has made an error not

of reasoning but of apprehension." *Ramada,* 2004 WL 2966948 at *3. Defendants believe that

by limiting the exception to "supporting their affirmative defenses", the Court misapprehended

and overlooked that while it was obligating UCB to produce inculpating documents, it was not

requiring that UCB produce exculpating documents. The Order only requires UCB to produce

documents UCB believes "supports" its affirmative defenses---but does not require UCB to

produce documents that otherwise relate to but do not support their affirmative defenses and that

therefore may be exculpatory.

4.      This can be shown by a simple hypothetical. What if, for example, at a time

preceding the date-range someone at Mutual Bank had rejected the assertion that there was an

inaccurate reporting of collateral, inventory or accounts receivable (affirmative defense nos. 3-4)

or that the Bank was insecure (affirmative defense no. 5) or waived or permitted an alleged

"discrepancy" in a letter of credit (affirmative defense no. 11). That might well be important exculpating evidence to affirmative defense nos. 3-5 or 11 but under the Order, UCB would not be under an obligation to produce any such document because such document does not literally "support" its affirmative defense.

5.      As a result, defendants respectfully seek reconsideration of the exception ordered by the Court to include any documents that "refer, reflect or relate to" any collateral, eligible accounts receivable and inventory or discrepancies in letters of credit that are the subjects of affirmative defense nos. 3-5 and 11.

WHEREFORE, for the foregoing reasons, Defendants respectfully seek reconsideration of the exception ordered by the Court to include any documents that "refer, reflect or relate to" any collateral, eligible accounts receivable and inventory or discrepancies in letters of credit that are the subjects of affirmative defense nos. 3-5 and 11.

> KANAN FASHIONS, INC., CREATIVE WAREHOUSING
> (Chicago), LLC, KANAN CRUISES, INC., KANAN
> HOLDINGS, LLC, VARSHA SHAH, and MEHUL SHAH
>
> By:   /s/ Alan R. Borlack
>         Alan R. Borlack
>         Bailey Borlack Nadelhoffer LLC
>         135 South LaSalle, Suite 3950
>         Chicago, Illinois  60603
>         Phone: (312) 629-2700
>         Fax:   (312) 629-0174
>         e-mail: aborlack@bbn-law.com
>
>         James A. Flesch
>         Don E. Glickman
>         Glickman, Flesch & Rosenwein
>         230 West Monroe Street, Suite 800
>         Chicago, Illinois 60606
>         (312) 346-1080

## <u>CERTIFICATE OF SERVICE</u>

I, Eric G. Grossman, an attorney, hereby certify that on  August 27, 2010, I filed the

foregoing with the Clerk of the Court and served such filing via the Court's ECF system to all

attorneys of record in this matter.


 /s/ Eric G, Grossman_____