IN THE UNITED STATES DISTRICT COURT
F0R THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 10-CV-00331 |
| | ) | |
| KANAN FASHIONS, INC., et al., | ) | Judge Gary Feinerman |
| | ) | |
| Defendants. | ) | Magistrate Michael Mason |

## THE BANK'S MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY REGARDING THE CW SERVER

Plaintiff United Central Bank ("the Bank"), by its attorneys, hereby seeks leave to: (a) serve expedited document requests upon Kanan Fashions, Inc. and Mehul Shah; ( b) notice the depositions of Mehul Shah, and Paresh Joshi, (b) notice the deposition of (or subpoena testimony from) Daniel Garrie, Defendants' ESI liaison; and (c) subpoena documents and testimony on an expedited basis from Alan Borlack, Eric Grossman and David Muschler of Bailey Borlack Nadelhoffer, LLC; limited to discovery regarding the Kanan Fashions, Inc. computer server formerly located at Creative Warehousing (Chicago), LLC's Aurora warehouse (the "CW server") and the preservation and status of the server and the data contained therein, and in further support states as follows:

1. On July 14, 2010, this Court struck the written discovery cut off of August 1, 2010 and held a status on discovery on August 26, 2010. At that hearing the Court orally indicated that further requests for written discovery should be addressed to this Court.

2. As the Court is aware, Defendants, their former counsel Alan Borlack, Eric Grossman and David Muschler, and their other agents, have been under a longstanding and

continuing legal obligation to preserve evidence, and in particular, Defendants' electronically stored information systems, including the electronically stored information ("ESI") on the CW server.

3. Defendants have repeatedly acknowledged their legal obligation to preserve evidence since the beginning of this litigation. Yet Defendants have violated that duty, the Court's Standing Order for Electronic Discovery (ESI), the Court's February 25, 2010 instruction that no spoliation of Defendants' computer servers occur, and the Court's August 27, 2010 order requiring Defendants to obtain the CW server or a forensic image of the CW server, by September 15, 2010.

4. These violations are the subject of the Bank's pending motion for discovery sanctions and the Court has indicated that it may hold an evidentiary hearing on the motion for sanctions. Based on further evidence that may be adduced, a motion for rule to show cause and/or a complaint for spoliation of evidence may be appropriate measures.

5. The persons who know what actually happened to the CW server – for example, what counsel told Defendants or First Midwest Bank regarding preservation of the data on the CW server, what efforts, if any, were taken to preserve the data on the CW server, why it was abandoned at the CW warehouse, whether any efforts were made to obtain a forensic image of the CW server before or after it was abandoned, the purpose behind Mehul Shah's negotiations with David Clark of First Midwest Bank to purchase the CW server, and the true nature of the sale of the CW server to "Jim" and/or Diagems are Defendant Kanan Fashions, Inc.'s officers and agents.

6. Kanan Fashions' President Mehul Shah and its Chief Financial Officer Paresh Joshi had access to the server prior to it being abandoned at the Creative Warehousing

warehouse. And Mehul Shah, who is also a Defendant in this case, purportedly spent several months negotiating to purchase both the warehouse and the CW server after agreed orders of foreclosure and eviction were entered on March 24, 2010.

7. Alan Borlack, Eric Grossman and David Muschler were Defendants' lead counsel and had an obligation to their clients to inform them of their discovery obligations and ensure that they complied with them. Only counsel and Defendants know what conversations and communications they had regarding meeting these obligations –particularly with respect to the CW server.

8. Throughout this litigation, Daniel Garrie, Defendants' ESI liaison, has worked with Defendants to identify and gather their ESI, and in that role was (or should have been) involved in preserving the data on the CW server.

9. Mehul Shah, Paresh Shah, Defendants' former counsel Alan Borlack, Eric Grossman and David Muschler, and their ESI liaison Daniel Garrie each have relevant documents and information regarding the CW server and the events surrounding that server from the time this litigation was initiated to date.

10. The Bank is entitled to those documents and that knowledge, and the Court is entitled to a complete picture of the events surrounding the treatment and loss of the CW server.

11. The Bank has been unsuccessful to date in obtaining further information regarding the location of the CW server from Diagems FCZ in the United Arab Emirates, which appears to have paid for the CW server via wire transfer.

12. Kanan Fashions' officers and agents, including its former counsel, are the primary source, and in some cases only source, of information regarding the preservation of the CW server. Because the Bank does not have other sources for obtaining the requested information,

and because Defendants' and their counsel's conduct is at issue in the motion for sanctions, none of the parties from whom the Bank is seeking limited discovery should be able to hide behind the cloak of attorney client privilege to shield their misconduct.

13. Accordingly, the Bank is seeking leave to serve limited written discovery on Kanan Fashions, Inc., Mehul Shah, Alan Borlack, Eric Grossman and David Muschler, and to take the depositions of Mehul Shah, Paresh Joshi, Alan Borlack, Eric Grossman, David Muschler and Daniel Garrie.

14. The Bank is also asking the Court to order Defendants and Respondents to respond to the written discovery in an expedited manner – 14 days. Almost three months have already passed since the CW server was sold and paid for using a wire transfer drawn on a bank in Dubai. And the information the Bank is requesting is information Defendants and Respondents should already have been gathering in order to respond to the Bank's pending motion for sanctions. Producing it in 14 days will not be a hardship to Defendants or Respondents.

15. The Bank is not, by this motion, or by taking the requested discovery, waiving its right to take additional substantive discovery of Defendants or their agents regarding the merits of the above-captioned litigation.

Wherefore, the Bank requests that this Court enter an order granting the Bank's motion and granting the Bank leave to serve expedited document requests upon Kanan Fashions, Inc. and Mehul Shah, a copy of which is attached hereto as Exhibit A; to serve a subpoena for documents and testimony on Alan Borlack, Eric Grossman and David Muschler, copies of which are attached hereto as Exhibits B, C and D respectively; ordering Kanan Fashions, Inc., Mehul Shah, Alan Borlack, Eric Grossman and David Muschler to respond to written discovery and

produce the requested documents and information within fourteen (14) days of service of the document requests; and to notice the depositions of Mehul Shah, Paresh Joshi and Daniel Garrie (or, if Mr. Garrie is no longer employed by Defendants, to subpoena Mr. Garrie's testimony).

                Respectfully submitted,

                UNITED CENTRAL BANK

Date: October 25, 2010         By:    /s/ Vilia M. Dedinas
                                          One of its Attorneys

Alexander R. Domanskis
Vilia M. Dedinas
Nada Djordjevic
Boodell & Domanskis, LLC
205 North Michigan Avenue, Suite 4307
Chicago, IL 60601
Phone: (312) 540-1075
Fax:    (312) 540-1162
e-mail: domanskis@boodlaw.com
        vdedinas@boodlaw.com
        ndjordjevic@boodlaw.com