# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 00331 |
| | ) | |
| KANAN FASHIONS, INC., et al. | ) | Judge Gary Feinerman |
| | ) | Magistrate Michael Mason |
| Defendants. | ) | |

**THE BANK'S LIMITED EXPEDITED REQUEST TO KANAN FASHIONS, INC., AND MEHUL SHAH FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION REGARDING THE CW SERVER**

Plaintiff United Central Bank ("United Central") requests that, pursuant to Fed. R. Civ. P. 34, and order of the Court, Defendants Kanan Fashions, Inc. and Mehul Shah produce the following Documents and Electronically Stored Information within fourteen (14) days.

**DEFINITIONS AND INSTRUCTIONS**

Definitions

The following definitions apply whether or not the word is capitalized in the requests.

1. "Person" means any individual, corporation, partnership, organization, limited liability company, or any other entity.

2. "CW server" means Kanan Fashions, Inc.'s computer server that was located at Creative Warehousing (Chicago), LLC's Aurora warehouse.

3. The term "Document" shall include all tangible and intangible methods of storing or recording information, including but not limited to any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, papers, writings, drawings, graphs, charts, photographs, sound or video recordings, voicemails, images, electronically stored information,

{00000059}

emails, data compilations, text messages, and databases, regardless of how it is printed, stored or reproduced or whether capable of reproduction, in the possession and/or control of Defendants or known by Defendants to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Anything that renders a copy of a document non-identical to the original, including but not limited to initials, routing instructions, date stamps, notes, comments, markings or notations of any character, or electronic markings or hashings, makes the copy a separate document.

      4.      "Relate", "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter. Documents relating to a particular thing includes the thing itself.

      5.      "Communication" shall refer to any form of communication, including, for example, letters, memos, e-mails, notes, correspondence or the like.

      6.      "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning.

      7.      Pronouns, tenses, singulars and plurals, etc. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

<u>Instructions</u>

      A.      If you object to a portion of a request, please specify the portion objected to and provide the requested information with respect to the balance of the interrogatory.

B	If you object to providing any of the requested information based on the basis of privilege or the Work Product Rule, please provide sufficient information to identify the information and the basis for the assertion of privilege (i.e., a privilege log), including but not limited to: (a) the names and titles of any author(s), (b) the names and titles of any recipient(s), (c) the date of the information, (d) a general description of the subject matter of the information, (e) a description of how the information was communicated or stored (i.e., oral, paper, email, electronic, etc.), (f) Bates Stamp numbers if the information is in document form.

C.	If you are producing electronically stored information in response to these interrogatories, please contact the undersigned to discuss the form(s) in which it will be produced.

D.	Unless otherwise provided in a specific request, these document requests cover the time period from January 19, 2010 to the present.

E.	Please mark all Documents produced with an identifying number (i.e., a Bates Stamp number).

F.	If there are no Documents in your possession, custody or control which are responsive to a particular request, please so state and identify such request.

G.	If any Documents responsive to this request are known by you to exist but are not in your possession, custody or control, identify said Document(s) and the Person who has possession, custody or control thereof.

H.	Please identify the production request to which each Document produced is responsive.

I. If it is otherwise not possible to produce any Document responsive to any request herein, or if any part of said request is objectionable, the reasons for such inability or the grounds of your objections should be stated with specificity.

J. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

K. Kanan Fashions, Inc. and Mehul Shah must produce all responsive documents in their possession, custody or control. This includes any emails or other documents in personal email accounts maintained by Mr. Mehul Shah and documents stored on any computer, hard drive, zip drive, or other mobile storage device or portable storage device owned by, or in the possession of Mr. Mehul Shah personally.

## DOCUMENT REQUESTS

1. All communications between Defendants and their counsel Bailey Borlack Nadelhoffer LLC regarding Defendants' obligations to preserve ESI and all documents regarding, referring to or relating to the same.

2. All communications between Defendants and their counsel Bailey Borlack Nadelhoffer LLC regarding the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, the CW server, and all documents regarding, referring to or relating to the same.

3. All communications between Defendants and their counsel Much Shelist regarding the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, the CW server, and all documents regarding, referring to or relating to the same.

4. All communications between Defendants, any of their agents, attorneys or liaisons and First Midwest Bank or its agents or attorneys regarding, referring to or relating to the CW server, and all documents regarding, referring to or relating to the same.

5. All communications between Defendants, any of their agents, attorneys or liaisons and Daniel Garrie, including but not limited to, communications regarding Defendants' ESI, Defendants' obligations to preserve ESI, the CW server, and all documents regarding, referring to or relating to the same.

6. All other documents, including internal and external communications, regarding, referring to or relating to the CW server.

7. All communications between Defendants, any of their agents, attorneys or liaisons and David Clark, regarding, referring to or relating to the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, or the CW server, and all documents regarding, referring to or relating to the same.

8. All communications between Defendants, any of their agents, attorneys or liaisons and Parag Bhansali, or Snehal Bhansali regarding, referring to or relating to the CW server, and all documents regarding, referring to or relating to the same.

9. All communications between Defendants, any of their agents, attorneys or liaisons and David Clark, Parag Bhansali or Snehal Bhansali regarding referring to or relating to Diagems FZC, or Diagems, Inc., and all documents regarding, referring to or relating to the same.

10. All communications between Defendants, any of their agents, attorneys or liaisons, and any other persons or entities regarding referring to or relating to Diagems FZC, or Diagems, Inc., and all documents regarding, referring to or relating to the same.

{00000059}5

11. All other documents, including internal and external communications, regarding, referring to or relating to Diagems FZC or Diagems, Inc.

                                                    UNITED CENTRAL BANK

Date: October 25, 2010                      By: _____/s/Vilia M. Dedinas_____
                                                             One of its Attorneys

Alexander R. Domanskis
Vilia M. Dedinas
Nada Djordjevic
Boodell & Domanskis, LLC
205 North Michigan Avenue, Suite 4307
Chicago, IL 60601
Phone: (312) 540-1075
Fax:    (312) 540-1162
e-mail: domanskis@boodlaw.com
         vdedinas@boodlaw.com
         ndjordjevic@boodlaw.com

## CERTIFICATE OF SERVICE

I, Nada Djordjevic, an attorney, certify that I served a copy of the foregoing The Bank's Limited Expedited Request to Kanan Fashions, Inc., and Mehul Shah For Production of Documents and Electronically Stored Information Regarding the CW Server on the individuals identified below by U.S. Mail on or before 5:00 p.m. on October ____, 2010.

James J. Roche
Kelly K. Kachmarik
James J. Roche & Associates
624 N. Dearborn
Chicago, Illinois 60654

Thomas P. McGarry
Alan R. Lipton
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601

Don E. Glickman
James A. Flesch
Glickman, Flesch & Rosenwein
230 West Monroe Street, Suite 800
Chicago, Illinois 60606

John B. Wolf
William D. Dallas
Regas, Frezados & Dallas, LLP
111 W. Washington St., Suite 1525
Chicago, Illinois 60602

_____
Nada Djordjevic