**Exhibit C**

✎AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| UNITED CENTRAL BANK | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| KANAN FASHIONS, INC., et al., | Case Number: 10-CV-00331 |

TO:  Eric G. Grossman
     Bailey Borlack Nadelhoffer LLC
     135 S. LaSalle Street, Suite 3950
     Chicago, Illinois 60603

X  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Boodell & Domanskis LLC<br>205 North Michigan Avenue<br>Suite 4307<br>Chicago, Illinois 60601 | November 17, 2010 at 9:30 a.m. |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
  *See* Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Boodell & Domanskis LLC<br>205 North Michigan Avenue<br>Suite 4307<br>Chicago, Illinois 60601 | November 11 , 2010 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

{00000138}1

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff, United Central Bank | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Nada Djordjevic, Boodell & Domanskis, LLC, 205 North Michigan Avenue, Suite 4307, Chicago, Illinois 60601; (312) 938-1003, (312) 540-1162 (fax)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

{00000138}2

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A TO SUBPOENA**
Eric G. Grossman
**Request for Documents:**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions apply whether or not the word is capitalized in the requests.

1. "Person" means any individual, corporation, partnership, organization, limited liability company, or any other entity.

2. "CW server" means Kanan Fashions, Inc.'s computer server that was located at Creative Warehousing (Chicago), LLC's Aurora warehouse.

3. The term "Document" shall include all tangible and intangible methods of storing or recording information, including but not limited to any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, papers, writings, drawings, graphs, charts, photographs, sound or video recordings, voicemails, images, electronically stored information, emails, data compilations, text messages, and databases, regardless of how it is printed, stored or reproduced or whether capable of reproduction, in the possession and/or control of Defendants or known by Defendants to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Anything that renders a copy of a document non-identical to the original, including but not limited to initials, routing instructions, date stamps, notes, comments, markings or notations of any character, or electronic markings or hashings, makes the copy a separate document.

4. "Relate", "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or

{00000138}1

factual connection with a stated subject matter. Documents relating to a particular thing includes the thing itself.

      5.    "Communication" shall refer to any form of communication, including, for example, letters, memos, e-mails, notes, correspondence or the like.

      6.    "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning.

      7.    Pronouns, tenses, singulars and plurals, etc. In construing a request, the singular shall include the plural and the plural shall include singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

Instructions

      A.    If you object to a portion of a request, please specify the portion objected to and provide the requested information with respect to the balance of the interrogatory.

      B    If you object to providing any of the requested information based on the basis of privilege or the Work Product Rule, please provide sufficient information to identify the information and the basis for the assertion of privilege (i.e., a privilege log), including but not limited to: (a) the names and titles of any author(s), (b) the names and titles of any recipient(s), (c) the date of the information, (d) a general description of the subject matter of the information, (e) a description of how the information was communicated or stored (i.e., oral, paper, email, electronic, etc.), (f) Bates Stamp numbers if the information is in document form.

      C.    If you are producing electronically stored information in response to these interrogatories, please contact the undersigned to discuss the form(s) in which it will be

produced.

D. Unless otherwise provided in a specific request, these document requests cover the time period from January 19, 2010 to the present.

E. Please mark all Documents produced with an identifying number (i.e., a Bates Stamp number).

F. If there are no Documents in your possession, custody or control which are responsive to a particular request, please so state and identify such request.

G. If any Documents responsive to this request are known by you to exist but are not in your possession, custody or control, identify said Document(s) and the Person who has possession, custody or control thereof.

H. Please identify the production request to which each Document produced is responsive.

I. If it is otherwise not possible to produce any Document responsive to any request herein, or if any part of said request is objectionable, the reasons for such inability or the grounds of your objections should be stated with specificity.

J. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

## DOCUMENT REQUESTS

1. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and Defendants' regarding Defendants' obligations to preserve ESI and all documents regarding, referring to or relating to the same.

{00000138}3

2. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and Defendants regarding the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, the CW server, and all documents regarding, referring to or relating to the same.

3. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and Much Shelist regarding the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, the CW server, and all documents regarding, referring to or relating to the same.

4. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and First Midwest Bank or its agents or attorneys regarding, referring to or relating to the CW server, and all documents regarding, referring or relating to the same.

5. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and Daniel Garrie, including but not limited to, communications regarding Defendants' ESI, Defendants' obligations to preserve ESI, the CW server, and all documents regarding, referring to or relating to the same.

6. All other documents, including internal and external communications, regarding, referring to or relating to the CW server.

7. All communications between between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and David Clark, regarding, referring to or relating to the foreclosure and lease of the Creative Warehousing (Chicago), LLC warehouse, or the CW server, and all documents regarding, referring to or relating to the same.

{00000138}4

8. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and Parag Bhansali, or Snehal Bhansali regarding, referring to or relating to the CW server, and all documents regarding, referring to or relating to the same.

9. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and David Clark, Parag Bhansali or Snehal Bhansali regarding referring to or relating to Diagems FZC, or Diagems, Inc., and all documents regarding, referring to or relating to the same.

10. All communications between you or any other member, partner, employee or agent of Bailey Borlack Nadelhoffer LLC and any other persons or entities regarding referring to or relating to Diagems FZC, or Diagems, Inc., and all documents regarding, referring to or relating to the same.

11. All other documents, including internal and external communications, regarding, referring to or relating to Diagems FZC or Diagems, Inc.

{00000138}5