```
 1  TRANSCRIBED FROM DIGITAL RECORDING

 2                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION

 4  UNITED CENTRAL BANK,              )  Docket No. 10 C 331
                                      )
 5                   Plaintiff,       )
                                      )
 6           v.                       )  Chicago, Illinois
                                      )  February 11, 2010
 7  KANAN FASHIONS, INC., et al.,     )  9:05 o'clock a.m.
                                      )
 8                   Defendants.      )

 9             TRANSCRIPT OF PROCEEDINGS - STATUS
              BEFORE THE HONORABLE MICHAEL T. MASON
10
    APPEARANCES:
11
    For the Plaintiff:           MS. VILIA MARGARET DEDINAS
12                               407 S. Hill Avenue
                                 Elmhurst, Illinois 60126
13
    For the Defendants:          BAILEY, BORLACK AND NADELHOFFER
14                               BY:  MR. ALAN R. BORLACK
                                 135 South LaSalle Street
15                               Suite 3950
                                 Chicago, Illinois 60603

16


17


18

19              ALEXANDRA ROTH, CSR, RPR
                  Official Court Reporter
20              219 South Dearborn Street
                        Room 1224
21              Chicago, Illinois 60604
                    (312) 408-5038
22

23  NOTE:  Please notify of correct speaker identification.

24

25
```

```
 1            (Proceedings had in open court:)
 2            THE CLERK:  10 C 331, United Central Bank versus Kanan
 3   Fashions.
 4            MS. DEDINAS:  Good morning, your Honor. Vilia Dedinas
 5   on behalf of United Central Bank.
 6            THE COURT:  Good morning.
 7            MR. BORLACK:  Alan Borlack on behalf of the
 8   defendants, your Honor.
 9            THE COURT:  Good morning.
10            Anything else you want to tell me other than what you
11   got in your joint strategy report?
12            MR. BORLACK:  Well, Judge, I would like a couple
13   minutes if I can to explain some of the problems I'm having.
14   The -- the TRO was denied.  And the issue is the expedited
15   discovery with respect to the collateral, which it makes sense.
16            My problem is, my clients' business has pretty much
17   collapsed.  The -- the big business, which was a $45 million
18   business, the fashion business, is defunct.  We have inventory
19   in a warehouse that they're welcome to come and inspect.  I've
20   already sent an e-mail saying -- three days ago saying, come
21   see it if you -- if you like.
22            My problem is, there is only two employees left.
23   There is the owner and his right-hand man.  The cruise company
24   is the only business which still is not completely defunct.
25   They give -- they have a cruise.  That, of course, the winter
```

1 months is -- will kill it for now.  And I understand there is
2 one or two employees, I think a salesperson and a ship captain.
3 But the problem I'm having is, my guys are not really
4 good with the computer.  There is only two guys.  They're
5 trying to get their ex-employee, who is their computer man, to
6 get back with them so that we can start trying to get some of
7 the e-mails that we have to produce.  But my problem is is that
8 I only have two people, Judge, one -- really only one person,
9 to do this discovery.
10 Now, the issue is the disposition of the collateral.
11 I understand and -- that counsel may want a preliminary
12 injunction to prevent the disposition of the collateral.  I'm
13 assured that it's not being sold.  Nothing untowards is
14 happening.  And the Judge did deny the TRO.  But that's my
15 problem.
16 THE COURT:  That he denied the TRO?
17 MR. BORLACK:  Yes, he did.
18 THE COURT:  No, is that your problem?
19 MR. BORLACK:  No, no, no, no, no.  I -- my problem is
20 is that, in other words, the Judge -- I say that as context.
21 But the big problem is -- whether he did or not is, I have
22 logistics problem.  It's -- it's said in all good faith about
23 this expedited discovery, how much we can do so rapidly as
24 counsel would like.
25 May I just say one more thing, Judge?

1        THE COURT: Sure you can.

2        MR. BORLACK: We have -- we have outstanding expedited
3    interrogatories and requests for documents and depositions. I
4    intend to have my objections on file tomorrow. I know counsel
5    is in a rush. I can understand that.

6        I would suggest we have our two -- our rule conference
7    on Monday. And perhaps if there are remaining issues that a
8    motion to compel will need, perhaps you can give us a date next
9    week so that we can move this, as I know counsel wants it, to
10   get these objections satisfied and the issues resolved for the
11   expedited discovery.

12       MS. DEDINAS: Your Honor, we believe that this
13   inventory is being liquidated. The reason the TRO was
14   denied --

15       THE COURT: Has anybody gone to check it out?

16       MS. DEDINAS: Yes. In fact, the reason we brought the
17   TRO was because there -- in their own warehouse there was a
18   for-cash sale going on. And that was obviously very alarming
19   to us.

20       At the TRO hearing itself, they brought to us a letter
21   from a church that we've had enormously difficult ability to
22   contact -- there is nobody there -- that says that those items
23   were donated and they were holding a cash sale.

24       However, we have other information that we believe
25   there is -- they indicated in their opposition to the TRO that

1   they had moved the inventory to other warehouses, which they
2   admitted they're not supposed to do that under the security
3   agreement.  Now they say it's back in the warehouse.
4           We haven't had an opportunity to inspect.  We made the
5   demands under the security agreement.  And we have reason to
6   believe that the collateral is being liquidated, and offers are
7   being made to sell it.
8           And we can't prove that and get any further or renew a
9   TRO unless we get some of the evidence.
10          THE COURT:  When can you get in there to see this
11  inventory?  I'm talking to her.
12          MS. DEDINAS:  I can get people in -- I have -- they
13  have made the offer to do that, and I'm trying to get the
14  personnel.  Obviously Monday is a bank holiday.  So we're
15  trying to work on when we can have the personnel available to
16  do that.  But we're looking for -- it appears that they don't
17  even have a inventory list of their own items.  So their
18  suggestion to us was that we make a list and provide it to
19  them.
20          So if we're going to go in and audit 200,000 pieces of
21  jeans and other items --
22          THE COURT:  It's clothing, is that (inaudible) --
23          MS. DEDINAS:  It's clothing.  Yes, it's going to
24  take -- it's going to take a time where we have to get auditors
25  in to do that.

1  Now, as far as their claims that they just don't have
2  personnel, I have two responses to that.  Again, I don't have
3  the documents to prove this.  It's our information that they
4  started operations under a new business, and perhaps that
5  that's where all the personnel have gone.
6  And second of all, this really should be something
7  that they should be taking into consideration when they tell us
8  that they're going to file a multi-million-dollar counter-claim
9  against us in a matter of two weeks.  How are they going to
10 proceed with that and the discovery of that if they can't
11 answer some simple interrogatories and document requests
12 relating to our secured inventory?
13 MR. BORLACK:  Judge, first of all, you have to
14 understand that the issue here is a very serious counter-claim.
15 They froze the (inaudible) --
16 THE COURT:  You can't have it both ways here.
17 MR. BORLACK:  No, we're going to -- I'm not disputing
18 discovery.  It's the expedited nature, how quickly we can do
19 it.
20 THE COURT:  I'm going to adopt the joint status report
21 here as far as the expedited nature of this goes, up to and
22 including July 15.  And that's it as of right now.
23 Now, you think you can get somebody in there next
24 week?
25 MS. DEDINAS:  Yes.

1      THE COURT: So do you want to set a status the
2  following week?
3      MS. DEDINAS: Yes.
4      MR. BORLACK: That's discovery, expedited discovery
5  closeoff date, Judge?
6      THE COURT: Yes -- no, that's the general discovery
7  closeoff date. The expedited discovery cutoff, according to
8  what you recommended here, was March 5 for United Central and
9  March 16 for defendants. So that's a difference there.
10     MS. DEDINAS: Your Honor --
11     THE COURT: You have it right in your own documents
12 that you submitted.
13     MS. DEDINAS: Your Honor --
14     THE COURT: Yes.
15     MS. DEDINAS: -- we asked for seven days for them to
16 respond to our requests. First of all, we served them early
17 this week. But I should also indicate that we gave them the
18 courtesy of draft expedited discovery even a week prior to that
19 just so they could know what was coming.
20     So I don't think the seven days we're asking for is
21 unreasonable.
22     MR. BORLACK: I will get my objections on file, Judge.
23     THE COURT: Okay. And do you have a date?
24     THE CLERK: Status hearing February 3.
25     THE COURT: Are these casual clothes? Is that what it

```
 1   is?
 2           MS. DEDINAS:  It's my understanding that they are
 3   clothes that were intended for stores like Kohl's, Sears.  And
 4   they are not being sold to those now.  They're being
 5   liquidated.
 6           THE COURT:  Are they clothes for law students?
 7           MS. DEDINAS:  I'm sure they would be welcome to take a
 8   look.
 9           THE COURT:  Okay.  Thank you very much.
10           MR. BORLACK:  Thank you, Judge.  9:00 o'clock?
11           THE COURT:  Yes.  Oh, I'm glad you said that.  When
12   you come back, we are going to be across the hall.  So it will
13   be the south bank of elevators directly east.  All right?
14           MR. BORLACK:  I'm sure we'll find you, Judge.
15           THE COURT:  We are moving.  Well, you'd be surprised.
16           MS. DEDINAS:  Thank you.
17       (Which were all the proceedings had at the hearing of the
18         within cause on the day and date hereof.)
19                            CERTIFICATE
20           I HEREBY CERTIFY that the foregoing is a true, correct
     and complete transcript of the proceedings had at the hearing
21   of the aforementioned cause on the day and date hereof.
22    /s/Alexandra Roth                                10/6/2010
     _____       _____
23    Official Court Reporter                       Date
      U.S. District Court
24    Northern District of Illinois
      Eastern Division
25
```