UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 331 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KANAN FASHIONS, INC., CREATIVE WAREHOUSING (Chicago), LLC, KANAN CRUISES, INC., KANAN HOLDINGS, LLC, VARSHA SHAH, and MEHUL SHAH, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff United Central Bank ("United") brought this action against Mehul Shah, Varsha Shah, Kanan Fashions, Inc. ("Fashions"), Creative Warehousing (Chicago), LLC ("Creative"), Kanan Cruises, Inc. ("Cruises"), and Kanan Holdings, LLC ("Holdings"), alleging breach of contract, breach of guaranty, and replevin. The case concerns four loans issued by United's predecessor, Mutual Bank, to the four entity defendants (collectively, "Borrowers"); the individual defendants guaranteed the loans. The court granted United partial judgment on the pleadings against the Borrowers on United's contract claims regarding what have been called Loan Nos. 2 and 3, which were made to Creative and Fashions, and Loan No. 4, which was made to Holdings and Cruises. 2011 WL 686810 (N.D. Ill. Feb. 18, 2011). The court subsequently allowed Fashions to pursue a counterclaim against United for breach of contract on Loan No. 1, which was made only to Fashions. 2011 WL 1838775 (N.D. Ill. May 13, 2011). The claims and counterclaims regarding Loan No. 1 remain unresolved, as do United's breach of guaranty claims against the individual defendants.

In September 2010, United filed a motion for sanctions against Defendants and their former counsel, Alan Borlack, Eric Grossman, and David Muschler of the law firm Bailey, Borlack & Nadelhoffer LLC (collectively, "Bailey"). Doc. 206. The motion charges Defendants and Bailey with spoliation of evidence for failing to preserve relevant electronically stored information ("ESI") on a computer server kept at a warehouse in Aurora, Illinois. The sanctions motion and all related matters were referred to the magistrate judge. The parties submitted extensive briefing (Docs. 207, 272, 309, 320, 355, 369), and the magistrate judge conducted a five-day evidentiary hearing. After receiving post-hearing briefs (Docs. 407, 410, 412), the magistrate judge issued a detailed and comprehensive Report and Recommendation recommending that sanctions be imposed on Defendants but not on Bailey. Doc. 425. Specifically, the magistrate judge recommended: (1) that United be awarded fees and expenses incurred in bringing and prosecuting the sanctions motion; (2) that Defendants be precluded from introducing any evidence related to data that was on the server and that cannot be found elsewhere; (3) that an adverse inference is warranted; and (4) that the adverse inference be implemented by informing the jury that Defendants abandoned the server and instructing the jury that Defendants' failure to preserve the server may be considered evidence that the server contained information unfavorable to Defendants.

Defendants timely filed objections to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72. Familiarity with the Report and Recommendation, a copy of which is attached hereto, is assumed.

    A.    **Standard of Review**

Neither side's briefs addressed the standard of review the court must employ in considering whether to adopt the Report and Recommendation. As a general rule, when a

district court considers objections to a magistrate judge's ruling on a nondispositive matter, the magistrate judge's ruling will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006); *Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). Some authorities hold that discovery sanctions are nondispositive matters and therefore that a district judge reviews only for clear error a magistrate judge's imposition of such sanctions. *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (because "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions[,] … the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law"); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240-41 (9th Cir. 1991) (holding that discovery sanctions are nondispositive pretrial matters reviewable for clear error under Rule 72(a)); *Joza v. WW JFK LLC*, 2010 WL 3619547, at *2 (E.D.N.Y. Sept. 10, 2010) ("monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard") (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)); *Rodriguez v. United States*, 2009 WL 3756605, at *2 (S.D. Cal. Nov. 6, 2009) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions, including an order imposing discovery sanctions.") (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)); *Innis Arden Golf Club v. Pitney Bowes, Inc.*, 629 F. Supp. 2d 175, 191-92 (D. Conn. 2009) ("Because the [sanctions] ruling was a determination of a non-dispositive discovery matter, this Court reviews the ruling according to the 'clearly erroneous or contrary to law' standard."). Other authorities hold that the district judge should apply the de novo standard set forth in Rule 72(b)(3) when reviewing a magistrate

judge's imposition of discovery sanctions, *see Mintel Int'l Grp. v. Neergheen*, 636 F. Supp. 2d 677, 690-91 (N.D. Ill. 2009), or award of attorney fees, *see MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 2011 WL 812140, *3 (N.D. Ill. Mar. 1, 2011) (citing *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994)).

There is no need to choose sides in this case. The reason is that where, as here, "a magistrate judge chooses to issue a Report and Recommendation instead of an Order on a nondispositive motion and neither party opposes that choice, the district judge shall presume that the parties acquiesced to the magistrate judge's treatment of the matter as dispositive and, therefore, shall make a *de novo* review of those portions of the Report and Recommendation to which timely objections are made." *Silva v. Potter*, 2006 WL 3298543, *1 (M.D. Fla. Sept. 25, 2006); *see also Lancellotti v. Fay*, 909 F.2d 15, 17 n.2 (1st Cir. 1990); *Hopkins v. Buffalo Pumps, Inc.*, 2009 WL 4496053, *2-3 (D.R.I. Dec. 1, 2009); *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1561-62 (M.D. Fla. 1993). Accordingly, the undersigned district judge shall review de novo the portions of the Report and Recommendation to which United has made "specific written objections." Fed. R. Civ. P. 72(b)(2); *see Kanter v. Comm'r*, 590 F.3d 410, 416 (7th Cir. 2009). After conducting de novo review, the undersigned "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

**B.      Defendants' Objections to the Report and Recommendation**

The undersigned district judge has carefully considered Defendants' objections to the Report and Recommendation. Applying de novo review, and with one exception noted below, the undersigned adopts the Report and Recommendation and overrules Defendants' objections in

their entirety. Because there is not much to add to the magistrate judge's comprehensive factual findings and legal analysis, only a brief discussion of Defendants' principal objections is necessary.

First, invoking an advice of counsel defense, Defendants contend that because Bailey instructed them that "nothing should be done with or to any of the computers, servers or related equipment" and that they were "not to take any action," they cannot be sanctioned for "doing nothing" to preserve the server. Doc. 434 at 3-4. The argument fails to persuade. Neither the letter nor the spirit of Bailey's instruction to "do nothing" reasonably suggested that Defendants would meet their discovery obligations by not taking the affirmative steps to safeguard critical ESI. What Bailey meant by "do nothing" obviously was to "do nothing" that would compromise the information contained on the server. In any event, "do nothing" in no way characterizes Defendants' conduct regarding the server. As the magistrate judge found:

> [T]he ultimate responsibility for the spoliation of the warehouse server rests with Defendants. … Defendants [engaged in a] scheme to avoid producing the warehouse server. Defendants repeatedly put [Bailey] off without explaining their delay in transporting the server. They deliberately kept [Bailey] out of the loop regarding their agreement with [First Midwest Bank] and their ongoing negotiations with Associated to purchase the server. … Defendants even orchestrated the sale of the server to a foreign corporation in order to eliminate whatever information is on the server.

Doc. 425 at 48. That is, Defendants did precisely what Bailey instructed them *not* to do: they took affirmative steps that, apparently by design, resulted in the loss of the server and its data.

Second, Defendants contend that they cannot be sanctioned for spoliation because the server was "in possession and control of a third party," First Midwest Bank. Doc. 434 at 10. The magistrate judge thoroughly addressed and correctly rejected this argument:

> [T]here is no question that Defendants knowingly abandoned the server at the warehouse on March 24, 2010, the date of the eviction. Defendants

> argue that they should not be sanctioned because the server was not in their control when the spoliation occurred. This argument fails because Defendants did have control of the server when their discovery obligation arose. Long before the eviction, Defendants were advised of their duty to preserve all evidence related to ESI. [Bailey] sent them emails dated January 21, 2010, February 18, 2010, February 19, 2010, and March 3, 2010 advising them of their discovery obligations with respect to the server. Prior to the eviction, they removed other personal and business items, including several computers. Without consulting [Bailey], Defendants made a conscious decision not to make a copy of the server and to leave it behind when they vacated the warehouse. They cannot now argue that they are not responsible because they did not have control. *See China Ocean Shipping* [*(Grp.) Co. v. Simone Metals Inc.*], 1999 WL 966443, at *2 [(N.D. Ill. Sept. 30, 1999)] (sanctioning plaintiff for acting with poor judgment when it allowed its evidence to remain on another party's property after plaintiff's duty to preserve arose).

Doc. 425 at 32-33. Further, Defendants' argument rests on the faulty premise that "control" means physical possession, when in fact it means a "legal right to control or obtain." *Wachovia Sec., LLC v. Loop Corp.*, 2008 WL 2625907, at *1 (N.D. Ill. June 27, 2008); *Wilson v. Sundstrand Corp.*, 2003 WL 21961359, at *9 (N.D. Ill. Aug. 18, 2003) (citing cases). Defendants remained in control of the server for purposes of discovery despite its not being in their direct possession.

Third, Defendants contend that "sanctions are inappropriate because [United] failed to make reasonable efforts to obtain the information which was equally available to it." Doc. 434 at 11. The argument fails for the reasons set forth by the magistrate judge:

> Relying on *Searock* [*v. Stripling*, 736 F.2d 650 (11th Cir. 1984)], Defendants argue that this Court cannot impose sanctions on Defendants because [United] failed to take appropriate actions to secure the server. However, the facts in *Searock* are notably different from the facts before this Court. First, in *Searock*, the court noted that "[defendant] was diligently and in good faith seeking to obtain the documents .... [and] [t]here was no evidence that [defendant] acted wilfully, in bad faith or was at fault in failing to produce the documents." *Id*. at 654. Here, as we explained in detail above, there is substantial evidence that Defendants acted wilfully and in bad faith. In addition, the *Searock* court noted that

> "[t]hroughout the course of this litigation, [defendant] continually represented to [plaintiff] and the court that he did not have possession of the documents because they went down with the vessel." *Id*. Here, Defendants waited months before advising anyone that there was an issue with their custody and control of the server. Finally, the court in *Searock* stated that the plaintiff took no action whatsoever to secure the documents itself (*id*.), whereas here [United] inquired several times as to the status of the server, and they were repeatedly advised that there were no problems with production.
>
> Under the facts before this Court, Defendants cannot shift their own obligations to preserve evidence to [United]. Had [Bailey] and Defendants been forthcoming with [United] regarding their lack of control over the server, [United] might share some of the blame here. However, [United] contacted [Bailey] a number of times to inquire into the status of the warehouse server, and they were repeatedly assured that there was no attempt to repossess the server by third parties and that the server would be removed from the warehouse and secured at the Oak Brook office. [United's] counsel acted diligently and it was reasonable for [United] to rely on [Bailey's] assurances. As a result, we conclude that it was the responsibility of Defendants, and not [United], to preserve the warehouse server.

Doc. 425 at 43-44.

Fourth, Defendants contend in their objections that they "did not act willfully, in bad faith or with fault" and that United "failed to prove its claim by clear and convincing evidence." Doc. 434 at 12. The argument is without merit. After conducting the evidentiary hearing, the magistrate judge concluded that "there is clear and convincing evidence that Defendants acted wilfully and in bad faith in destroying the server." Doc. 425 at 54. The magistrate judge had the benefit of hearing live testimony and explicitly found that much of Defendants' testimony was not credible. *Id*. at 33 ("Defendants have offered a number of excuses for their failure to remove the server from the warehouse, none of which we find credible."); *id*. at 40 ("we do not find Defendants' testimony on this issue to be credible"). "[A] district judge need not ignore the credibility determinations of the magistrate judge if he believes, in the exercise of sound

discretion, that they are soundly based." *Adamovic v. Metme Corp.*, 1993 WL 177063, at *2 (N.D. Ill. May 20, 1993); *see also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's … credibility determinations."). A de novo review of the record confirms that the magistrate judge's credibility determinations are soundly based and that United satisfied the clear and convincing burden of proof.

Fifth, Defendants submit that United was not prejudiced by the loss of the server because the information contained on it can be obtained elsewhere. Doc. 434 at 14. The argument suffers at the outset from a logical flaw; because only Defendants are aware of what data resided on the server, it is impossible for the court or United to know whether and, if so, how much of the data can be obtained elsewhere. As the magistrate judge correctly held:

> [United] has established that it has suffered prejudice due to the loss of the server. Although only Defendants know exactly what information is on the server, Shah testified that the server contains data regarding Kanan Fashions' inventory, which was used as collateral to secure the Loans at issue in this litigation. [United] believes that the server also contains evidence regarding the Defendants' disposition of the inventory, which would otherwise have been recovered by [United]. [United] also believes that the server contains evidence that Defendants overstated their inventory (and collateral) and engaged in accounting fraud, which would be defenses to the affirmative defenses Defendants have raised.

Doc. 425 at 50.

Sixth, Defendants argue that the Report and Recommendation erroneously awarded United *all* of the fees and costs incurred in bringing its sanctions motion, as opposed to its *reasonable* fees and costs. Doc. 434 at 15. Although the Report and Recommendation does say at one point that United "is entitled to all fees and expenses incurred in bringing" the motion, it then quotes Rule 37(b)(2)(C) for the proposition that only "reasonable" fees and expenses are

recoverable.  Doc. 425 at 51.  It is clear, then, that the magistrate judge meant to rule that United can recover only those fees and expenses that it reasonable incurred in pursuing sanctions.

Seventh, Defendants contend that there is no evidence to warrant sanctions against Varsha Shah, Cruises, or Holdings.  Doc. 434 at 14.  The Report and Recommendation does not differentiate among the six defendants in assessing blame and imposing sanctions.  The Report and Recommendation therefore does not indicate whether the magistrate judge intended to sanction all six Defendants or, rather, only Mehul Shah, Fashions, and Creative.  The court respectfully requests that the magistrate judge, who has the best perspective on the evidence, explicitly consider whether sanctions ought to be imposed all or only some of the Defendants.  It is up to the magistrate judge whether this determination will be made on the present record or with the benefit of further evidence or briefing.

Finally, Defendants have requested that the court certify this decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Doc. 434 at 15.  "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. … Unless *all* these criteria are satisfied, the district court may not and should not certify its order … under section 1292(b)."  *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000).  The question of law must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  *Id.* at 676-77.  The court's decision on United's sanctions motion, rendered after five days of testimony from ten witnesses and 240 exhibits, does not even come close to meeting the pertinent criteria.

Accordingly, United's motion for sanctions is granted in part and denied in part. With the one exception set forth above, the court adopts the Report and Recommendation and overrules Defendants' objections. As to the one exception, the matter is returned to the magistrate judge for further consideration. Defendants' request for a § 1292(b) certification is denied.

September 21, 2011                                    _____
                                                      United States District Judge