Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 10 C 331 | **DATE** | 11/21/2011 |
| **CASE TITLE** | United Central Bank vs. Kanan Fashions, Inc. Et al | | |

**DOCKET ENTRY TEXT**

WRITTEN OPINION BY THE HONORABLE MICHAEL T. MASON: UCB's Motion to Compel Defendants to Properly Respond to UCB's First Set of Requests to Admit [501] is granted in part. As set forth in further detail below, defendants are directed to supplement their responses to UCB's First Set of Requests to Admit by 12/05/11.

■[ For further details see text below.]    Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff United Central Bank ("UCB") filed this action against defendants Kanan Fashions, Inc., Creative Warehousing (Chicago) LLC, Kanan Cruises, Inc., Kanan Holdings, LLC, Mehul Shah ("Mr. Shah") and his wife Varsha Shah (collectively "defendants") on January 18, 2010. UCB alleges that defendants defaulted on four loan agreements that extended funds and/or letters of credit to the four corporate defendants. UCB seeks damages in excess of $26 million.

In their answer to the complaint, defendants denied UCB's material allegations and asserted two affirmative defenses to UCB's claims. Defendant Kanan Fashions, Inc. also filed a counterclaim against UCB, claiming that UCB's termination of its line of credit was a breach of contract. The affirmative defenses and counterclaim stem from defendants' allegations that UCB failed to honor certain letters of credit and a standby letter of credit, which led to the destruction of defendants' businesses. In its counterclaim, Kanan Fashions seeks $46 million in damages.

Before this Court is UCB's Motion to Compel Defendants to Properly Respond to UCB's First Set of Requests to Admit [501]. On March 18, 2011, UCB served defendants with its First Set of Requests to Admit (the "Requests"), which ask defendants to admit certain facts regarding the letters of credit and the standby letter of credit referred to in the affirmative defenses and counterclaim. Defendants served their responses on April 15, 2011. UCB believed that defendants' responses were deficient and, after the parties engaged in some discussion, defendants agreed to supplement their answers. On June 3, 2011, defendants served their supplemental answers, which are now the subject of UCB's Motion to Compel.

In their Motion, UCB argues that defendants have improperly claimed "lack of knowledge or information" as a basis for refusing to admit or deny certain Requests. Defendants' response to several Requests states: "Defendants are without knowledge or information sufficient to form a belief about the truth

**STATEMENT**

of this admission request as this information is in the possession or control of [UCB] or third parties." Mr. Shah's verification to the responses states: "as to those matters for which defendants lack knowledge or information, I have made reasonable inquiry into the books and records maintained by defendants in the ordinary course of business and those records are insufficient to enable any further admission or denial." Defendants maintain that this response is proper because Rule 36 does not require them to consult with third parties in responding to requests to admit. UCB argues that this response is insufficient because, in some circumstances, Rule 36 does require consultation with third parties. UCB further argues that, in any event, defendants *do* possess documents that would allow them to respond to these Requests because relevant documents have been produced by third parties (with copies to defendants) in the course of discovery.

Requests to admit are governed by Rule 36 of the Federal Rules of Civil Procedure, which provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny." Fed. R. Civ. Proc. 36(a)(4). Rule 36 allows an answering party to "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* What is a "reasonable inquiry" and what material is "readily obtainable" depends on the facts of each case. *Hanley v. Como Inn, Inc.*, No. 99-1486, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003). "Under certain circumstances, parties may be required to inquire of third parties to properly respond to requests to admit." *Id.* "Generally, however, a reasonable inquiry is limited to review and inquiry of those persons and documents that are within the responding party's control." *Id*; *Brown v. Overhead Door,* No. 06-50107, 2008 WL 4614299, at *2 (N.D. Ill. Oct. 16, 2008)

We find that defendants' responses do not comply with the requirements of Rule 36. Mr. Shah's inquiry into "the books and records maintained...in the ordinary course of business" is not enough. In order to comply with Rule 36, at a minimum, defendants must state that they have reviewed any documents that are within its control (which would include documents which have been produced to them in the course of discovery). *See, e.g., Patterson v. Burge*, 2008 WL 4875948, at *4 (N.D. Ill. July 29, 2008)(finding plaintiff's asserted "lack of knowledge" to be "absurd" given the extensive discovery that had already occurred in the case). Defendants are permitted to respond that they lack sufficient knowledge or information only if these documents still do not enable them to admit or deny the information stated in the Requests. Accordingly, we direct defendants to supplement their responses to UCB's Requests by December 5, 2011. If defendants still lack the knowledge sufficient to admit or deny any part of these Requests, they should describe in detail the reasonable inquiry they undertook in preparing their responses.

Defendant Varsha Shah submitted her own response to UCB's Requests to Admit, and these responses are similarly deficient. In every response, she stated that she was without sufficient knowledge or information to admit or deny after "reasonable inquiry of her own records." In addition to the reasons set forth above, Varsha Shah's responses are insufficient because she attempts to rely only on her own personal records in responding. Where, as here, the defendants are closely related and share the same defense counsel, it is necessary for any defendant to review, not only their personal records, but also any documents that can be readily obtained from a co-defendant. *See, e.g., A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Ca. 2006) ("Considering the closer personal, business and litigation relationship between defendants, the failure of each defendant to...make a reasonable inquiry that includes, at a minimum, an inquiry of the other defendants represented by the same counsel, is a clear 'evasion' of that party's obligations under Rule 36(a)"); *Hanley*, 2003 WL 1989607, at *4 ("in some circumstances a party may be required to make a reasonable inquiry of his co-defendants"). Because Varsha Shah's responses do not comply with Rule 36, she is also directed to provide supplemental responses to UCB's Requests to Admit by December 5, 2011.

**STATEMENT**

In their Motion, UCB also argues that defendants have asserted an improper objection to Request Nos. 1-18. In these Requests, UCB referred to the letters of credit and standby letter of credit that are the subject of defendants' affirmative defenses and Kanan Fashions' counterclaim. Defendants objected to these Requests "because the letters of credit are not attached...and, therefore, to the extent that the specific documents referred to are not part of this document, it is vague and ambiguous and not reasonably susceptible to answer." Defendants argue that Rule 36 requires UCB to attach the documents referred to in any request to admit. We disagree.

Rule 36(a)(2) provides, in part: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Nothing in this Rule requires that any document referred to in any request to admit must be attached. Here, the letters of credit and standby letter of credit are the basis for defendants' own affirmative defenses and counterclaim so it is fair to say that defendants should be familiar with them. Moreover, each of these Requests refers to the particular letter of credit by number so as to avoid any confusion or render the Requests "vague and ambiguous." Any objection based on their failure to attach the documents referred to in the Requests is improper.

UCB's Motion includes an excerpt from a letter to defense counsel arguing that defendants' responses to Request Nos. 2, 5, 9, and 17 are also deficient for other reasons. UCB does not elaborate on these alleged deficiencies in its Motion or in its Reply Brief, and defendants did not address these responses either. To the extent that UCB is asking us to compel defendants to amend their responses to these Requests, their motion is denied without prejudice. However, should UCB file another motion to compel with respect to these Requests, the parties are required to participate in another discovery conference in accordance with Local Rule 37.2.