UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK,<br><br>                Plaintiff,<br><br>v.<br><br>KANAN FASHIONS, INC., CREATIVE WAREHOUSING (Chicago), LLC, KANAN CRUISES, INC., KANAN HOLDINGS, LLC, VARSHA SHAH and MEHUL SHAH,<br><br>                Defendants.<br><br>KANAN FASHIONS, INC., CREATIVE WAREHOUSING (Chicago), LLC, KANAN CRUISES, INC. and KANAN HOLDINGS, LLC,<br><br>                Counterplaintiffs,<br><br>v.<br><br>UNITED CENTRAL BANK,<br><br>                Counterdefendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    10 CV 00331<br>)<br>)    Judge Gary Feinerman<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' NOTICE OF FILING**

TO:    Alexander R. Domanskis            J. Michael Collins
         Nada Djordjevic                   55 W. Monroe Street
         Vilia M. Dedinas                  Suite 600
         Boodell & Domanskis, LLC       Chicago, IL 60603
         205 N. Michigan Ave., Ste. 4307
         Chicago, IL 60601

      PLEASE TAKE NOTICE that on November 29, 2011, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants' Subpoena For Documents To Digital Reef, Inc.** via electronic filing. A copy of said Subpoena for Documents is hereby attached and served upon you.

                                                   Respectfully submitted,

                                                   KANAN FASHIONS, INC., CREATIVE
                                                   WAREHOUSING (Chicago), LLC, KANAN

                                      CRUISES, INC., KANAN HOLDINGS, LLC,
                                      VARSHA SHAH and MEHUL SHAH,

                                      By:   s/ Kevin P. McJessy
                                                    One of Their Attorneys

Kevin McJessy
McJessy, Ching & Thompson, LLC
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 Fax
mcjessy@MCandT.com

## **CERTIFICATE OF SERVICE**

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Defendants' Notice Of Filing Of Document Subpoena To Digital Reef, Inc.** to be served upon:

| | |
|---|---|
| Alexander R. Domanskis | J. Michael Collins |
| Nada Djordjevic | 55 W. Monroe Street |
| Vilia M. Dedinas | Suite 600 |
| Boodell & Domanskis, LLC | Chicago, IL 60603 |
| 205 N. Michigan Ave., Ste. 4307 | |
| Chicago, IL 60601 | |

via electronic delivery by the Court's CM/ECF system on this 29th day of November 2011.

                                                                              s/ Kevin P. McJessy
                                                          One of Their Attorneys

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United Central Bank | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  10 CV 00331 |
| Kanan Fashions, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Keeper of the Records, Digital Reef Inc., 828 Highland Ave., Oak Park, IL  60304

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: (1) all electronic, magnetic or digital storage media, including but not limited to tapes, hard drives, disk drives and CD-ROM/DVDs, obtained by you from Kanan Fashions Inc., Kanan Holdings LLC, Creative Warehousing (Chicago) LLC, Kanan Cruises Inc. and/or Ramoni Inc.; (2) all documents including contracts, emails and letters pertaining to the foregoing electronic, magnetic or digital storage media.

| Place: McJessy Ching & Thompson, 3759 N. Ravenswood, Suite 231, Chicago, IL 60613 | Date and Time: 12/05/2011 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___11/14/2011___

CLERK OF COURT

OR  _/s/ (signature)_

_Signature of Clerk or Deputy Clerk_   _Attorney's Signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ___Defendants___
_____ , who issues or requests this subpoena, are:
Kevin P. McJessy, McJessy Ching & Thompson LLC, 3759 N. Ravenswood, Suite 231, Chicago, IL  60613, mcjessy@MCandT.com, 773.880.1260

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 10 CV 00331

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CASE# 10 CV 331

AFFIDAVIT OF SPECIAL PROCESS SERVER

AFFIANT: V. Lawson

Being first duly sworn on oath deposes and says that he/she was duly appointed by the Court to serve process in the above mentioned case and/or that he/she is a person over the age of 18 and not a party to this action and is authorized by statute to effect Service of Process according to Public Act #85-0907, effective 11-23-87, amending Chapter 110, Section 2-202, of the "Code of Civil Procedure," approved 8-19-81, as amended thereof.

That he/she served the within:

___SUMMONS & COMPLAINT
___CITATION TO DISCOVER ASSETS
___RULE TO SHOW CAUSE
___ORDER:
_X_SUBPOENA FOR TRIAL AND/OR DEPOSITION AND/OR RECORDS
_X_OTHER: Letter dated 11/15/11

1. ___By leaving a copy with the within named defendant_____personally on_____.

2. ___On the within named defendant_____by leaving a copy of same at his/her usual place of abode with_____a person of the household over the age of 13 and informed that person of the contents on _____ and mailed a copy to _____ at his/her usual place of abode on _____.

3. _X_On the within defendant company__Digital Reef, Inc___ by leaving a copy with __Juan Reyes___ on __11/21/11__.

4. That the sex, race, and approximate age of the person receiving documents are:
Sex __M___ Race __W/Hisp__ Approximate Age/DOB__38-43__.

5. That the place where and the date and time of service are as follows:
Place: 828 Highland Ave., Oak Park
Time: 12:05 PM

6. That he/she was unable to serve the within named defendant _____ for the reason _____.

SUBSCRIBED and SWORN
To before me this _____ day
of _____

Midwest Investigations, Inc
#117-001436