```
 1              TRANSCRIBED FROM DIGITAL RECORDING

 2              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION

 4   UNITED CENTRAL BANK,         )
                      Plaintiff,  )  Case No. 10 C 331
 5   -vs-                         )
     KANAN FASHIONS, INC., et al.,)  Chicago, Illinois
 6                   Defendants.  )  August 2, 2012
     _____)  1:37 p.m.
 7   UNITED CENTRAL BANK,         )
                      Plaintiff,  )
 8   -vs-                         )  Case No. 10 C 6405
     RAMONI, INC., an Illinois    )
 9   corporation, et al.,         )
                     Defendants.  )
10   _____)
     UNITED CENTRAL BANK,         )
11                    Plaintiff,  )  Case No. 11 C 2603
     -vs-                         )
12   KANAN CRUISES, INC., et al., )
                     Defendants.  )
13

14              TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE MICHAEL T. MASON, MAGISTRATE JUDGE
15
     APPEARANCES:
16
     For the Plaintiff in
17   10 C 331 and
     10 C 6405:          MS. VILIA MARGARET DEDINAS
18                       Boodell & Domanskis, LLC
                         353 North Clark Street
19                       Suite 1800
                         Chicago, IL  60654
20                       (312) 938-4070

21   Transcriber:

22        KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                   Official Court Reporter
23              United States District Court
         219 South Dearborn Street, Suite 2144-A
24                Chicago, Illinois  60604
                Telephone:  (312) 435-5569
25          e-mail:  Kathyfennell@earthlink.net
```

```
 1  APPEARANCES: (Continued)

 2  For the Plaintiff in
    11 C 2603:              MR. TODD J. OHLMS
 3                          Freeborn & Peters
                            311 South Wacker Drive
 4                          Suite 3000
                            Chicago, IL  60606
 5                          (312) 360-6000

 6  For Kanan Defendants:   MR. KEVIN PATRICK McJESSY
                            McJessy, Ching & Thompson, LLC
 7                          3759 N. Ravenswood
                            Suite 231
 8                          Chicago, IL  60613
                            (773) 880-1260
 9
    For MB Financial:       MR. ARTHUR F. RADKE
10                          Robbins, Salomon & Patt, Ltd.
                            180 N. LaSalle Street
11                          Suite 3300
                            Chicago, IL  60601
12                          (312) 782-9000

13  For American
    Chartered Bank:         MR. STEVEN RICHARD ROGOVIN
14                          Meltzer Purtill & Stelle, LLC
                            300 South Wacker Drive
15                          Suite 3500
                            Chicago, IL  60606
16                          (312) 987-9900

17

18

19

20

21

22

23

24

25
```

1  (Proceedings heard in open court:)
2  THE CLERK: 10 C 331, United Central Bank versus
3 Kanan Fashions, 10 C 6405, United Central Bank versus Ramoni,
4 Incorporated, 11 C 2603 United Central Bank versus Kanan.
5  MS. DEDINAS: Good morning, your Honor. Vilia
6 Dedinas, D-E-D-I-N-A-S, on behalf of United Central Bank in
7 the Kanan Fashions and the Ramoni matter.
8  THE COURT: Good morning -- good afternoon.
9  MS. DEDINAS: Oh, I'm sorry. I said good morning.
10  MR. McJESSY: Good afternoon, your Honor. Kevin
11 McJessy on behalf of the Kanan defendants.
12  THE COURT: Good afternoon.
13  MR. RADKE: Afternoon, your Honor. Arthur Radke on
14 behalf of MB Financial in the Kanan Cruises matter.
15  THE COURT: Good afternoon.
16  MR. OHLMS: Good morning, your Honor. Todd Ohlms on
17 behalf of the United Central Bank in the Cruises matter.
18  MR. ROGOVIN: Good afternoon. Steve Rogovin for
19 American Chartered --
20  THE COURT: Next time we'll start with you.
21  MR. ROGOVIN: Some order.
22  THE COURT: All right. I have some questions that I
23 want to ask you, and then I notice we had a motion filed
24 yesterday also.
25  What I'd like to know is whether or not -- you were

1   supposed to file by July 31st whether or not you'd had any
2   opposition -- I'm sorry -- agreement regarding ESI.
3         MR. McJESSY:  The databases were to be compiled and
4   the searches to be done.
5         THE COURT:  Was that done?
6         MS. DEDINAS:  Yes.
7         MR. McJESSY:  I believe it was, your Honor.
8         THE COURT:  So that's all over with as far as we're
9   concerned?  And then by the 15th of August --
10        MR. McJESSY:  I may, your Honor, there is one issue.
11  They have -- United -- we talked about, I don't think it's a
12  big issue, I'll just make the Court aware of it.
13        United Central Bank had copied some data off of
14  computers that we had.  They were the computers that were
15  stored with Elijah Technologies, a third party, and we are
16  working to include the information that had been copied by
17  United Central Bank into our database as part of our search of
18  their search terms.
19        So they gave us search terms, and we're searching our
20  database.  We're going to include that data in our database;
21  but I've talked to Mr. Sitter, and he's advised that he can
22  begin the search process and incorporate that data when he
23  receives it.  It won't slow the process down --
24        THE COURT:  Is he the one in California?
25        MR. McJESSY:  He is.

1        THE COURT: Okay.
2        MR. McJESSY: It won't slow the process down, and we
3    got their search list yesterday. He said he's already
4    preparing the search terms and everything should be on
5    schedule to comply with the Court's scheduling order.
6        They're generating the responses by, I don't remember
7    the date, but I think sometime the middle --
8        THE COURT: So these are the ESI search terms?
9        MR. McJESSY: Correct.
10       THE COURT: And that was supposed to be done by the
11   31st of July, but you need some more time to do that.
12       MR. McJESSY: No.
13       MS. DEDINAS: No.
14       MR. McJESSY: The parties have exchanged their lists.
15       THE COURT: You have?
16       MR. McJESSY: Yes.
17       THE COURT: So that's done, okay.
18       MR. McJESSY: Yeah.
19       THE COURT: And then by August 15th, which is roughly
20   two weeks here, you're to exchange hit lists of your search
21   results from the 7-31 search terms list.
22       MR. McJESSY: We're on schedule for that, too.
23       THE COURT: You are on schedule for that. Okay.
24       And then you are to exchange final search terms list
25   on September 5th. Any questions about that?

1     MS. DEDINAS:  No.
2     MR. McJESSY:  Sounds right to me.
3     THE COURT:  And then by September 19th, you're to
4  exchange final hit lists of search results from the 9-5 search
5  terms.
6     MS. DEDINAS:  Yes.
7     THE COURT:  Okay.  All right.  What's the status of
8  discovery now?
9     MS. DEDINAS:  We have been exchanging --
10    THE COURT:  With your (inaudible.)
11    MS. DEDINAS:  We are proceeding.  There was one
12 question that Mr. McJessy and I have spoken several times and
13 exchanged some e-mails.  There was a written discovery
14 cut-off.
15    THE COURT:  July 31st.
16    MS. DEDINAS:  Yes.  And we had intended to raise that
17 with your Honor at the last status.  I think we just lost
18 track of it.
19    THE COURT:  Forgot, huh?
20    MS. DEDINAS:  We are -- the parties still feel that
21 it's productive to exchange written discovery.  The last round
22 obviously we have some objections to, but to the extent that
23 we may now be getting closer to requests to admit which would
24 narrow the issues between the parties, we think that would be
25 productive.

1     THE COURT: All right. What about the written fact
2 discovery? How much more time do you feel that you'll need?
3     MR. McJESSY: Well --
4     THE COURT: It was due to close two days ago.
5     MR. McJESSY: Yeah, if I may.
6     Your Honor, in the proposed order that we had
7 submitted back when the parties each exchanged their status
8 reports, we had suggested, because that was part -- when the
9 Court originally set the discovery cut-off deadline, the
10 thinking between the parties was, well, we'll get the
11 documents that we get from our ESI discovery and then have a
12 little bit of time to look those over and then issue any final
13 written discovery based on the materials that we've received.
14 So that's why the date was set when it was.
15     THE COURT: Okay.
16     MR. McJESSY: We had suggested --
17     THE COURT: So how much more time do you need?
18 That's all I'm asking.
19     MS. DEDINAS: Are you saying that, counsel, you think
20 that the written discovery deadline should be after we've
21 actually seen each other's ESI?
22     MR. McJESSY: Yes. That was --
23     THE COURT: That makes sense.
24     MR. McJESSY: That was the original thinking.
25     THE COURT: What do you suggest? Can you give me a

1 ballpark figure?
2     MS. DEDINAS: We don't know how much there's going --
3     THE COURT: Do you want to see them before we set
4 that?
5     Well, can you give me an idea -- then what we
6 probably should do is have you back in on a status regarding
7 that issue so we can set a written discovery cut-off date at
8 that time.
9     MS. DEDINAS: I think what would make the most sense
10 is that once we have the final hit list by the 19th, at least
11 on our end, we know how many documents that has generated.
12     THE COURT: Okay.
13     MS. DEDINAS: So we are going to need to review those
14 documents for certain types of privilege, and we can give you
15 a pretty good estimate of when we can have that accomplished.
16     THE COURT: And how do you propose to do that,
17 submitting a joint status report with a proposed date on it,
18 or do you want to come back for a status? What would be
19 easier?
20     MR. McJESSY: Why don't we come back for a status. I
21 think that's a good suggestion.
22     THE COURT: When? When do you want to come back?
23     MS. DEDINAS: Right after the 20th any time.
24     THE COURT: Right after the 20th of September?
25     MR. McJESSY: Yeah.

1         MS. DEDINAS: Yes.

2         THE COURT: Is that what you were saying?

3         MR. McJESSY: Maybe a couple days after. That way we
4 can talk to --

5         THE COURT: Give you a week after.

6         MS. DEDINAS: I think the parties are before Judge
7 Feinerman on the 25th.

8         THE COURT: But he may change -- they're before him
9 on the 25th?

10         MS. DEDINAS: Of September. The 20th is --

11         THE COURT: Well, let's set it --

12         MS. DEDINAS: That would be fine.

13         THE COURT: What time are you before him?

14         MR. McJESSY: Looks like 9:00 o'clock. That's what I
15 have on my calendar.

16         MR. RADKE: What day is that?

17         MR. McJESJSY: That's on Tuesday.

18         MR. RADKE: Yeah, I have it at 9:00 o'clock.

19         MR. McJESSY: And it's for a status hearing,
20 according to what I have here. We can do it right after that.

21         THE COURT: Do you want to come here after that?

22     So let's set you at 9:30, how's that, or whenever you
23 can get here after that.

24         MR. McJESSY: That's fine.

25         THE COURT: And then -- let's make sure we have these

1 dates correct.

2 Oral fact discovery will close on December 14th. All
3 expert reports must be disclosed on February 15th of 2013, and
4 any rebuttal expert reports must be disclosed by March 15th of
5 2013. Expert depositions are to be completed by May 3rd of
6 2013.

7 MR. McJESSY: If I may, your Honor?

8 THE COURT: Yes.

9 MR. McJESSY: The --

10 THE COURT: Do you want to set new cut-off dates?

11 MR. McJESSY: Well, I was going to say I just want to
12 make -- address the issue, but I don't think I'm prepared or
13 capable of setting dates, but I don't want to depose people, I
14 know counsel --

15 THE COURT: Fine.

16 MR. McJESSY: -- doesn't either, until we see what
17 the documents are.

18 THE COURT: Here's what we'll do. Let's -- by the
19 status that you have before Judge Feinerman, you should have
20 an idea. You're going to come here afterwards.

21 If he says anything to you about deadlines, say that
22 we've already set those; however, they're going to be modified
23 because of what you're doing right now and that you're coming
24 to me to set those right after you finish with him. How's
25 that?

1  And be prepared to propose new cut-off dates, if you
2 would. And you might tell him that that's what you're going
3 to be doing also because he could be relying on these dates.
4  Now, plaintiff's motion to compel, which has been
5 pending for quite a while, has that gotten any closer to being
6 resolved?
7  MS. DEDINAS: Yes. We have exchanged numerous
8 e-mails and there have been some additional document
9 productions. I think we're kind of down to just one issue.
10  I don't know if you want me to withdraw and refile
11 the motion to compel on just that one issue or at least get a
12 flavor of what the problem is.
13  THE CLERK: That's going to be a Biden issue.
14  THE COURT: Yeah, it is going to be a Biden issue, so
15 if they withdraw it now and then refile it any time, so we'd
16 asked you to withdraw and when do you want to do this by, and
17 then submit a revised one just so the clock will start running
18 again.
19  Do you all understand what I'm talking about when --
20  MS. DEDINAS: Yes --
21  THE COURT: -- when we say a Biden issue? Otherwise,
22 we've got to move quickly.
23  MR. ATTORNEY1: It's been pending too long, yes.
24  MR. McJESSY: Can I just -- because I'm not aware
25 that there's an outstanding issue, so I mean what's the

1 outstanding issue?
2 THE COURT: Well, meet and confer if you want to
3 before you file anything.
4 MS. DEDINAS: Yeah, it's on the QuickBook
5 (inaudible.)
6 MR. McJESSY: Okay. Again, I thought we had
7 responded to everything --
8 MS. DEDINAS: Why don't we --
9 MR. McJESSY: -- at this point.
10 MS. DEDINAS: Why don't we take a week to talk about
11 it and see if we can reach resolution and then --
12 unfortunately, I'm out of town until August 20th, so if I
13 could --
14 THE COURT: You can tell him, I don't care, but what
15 we'll do right now is what I'm asking you to do --
16 MS. DEDINAS: Right.
17 THE COURT: -- is asking you to withdraw this motion
18 to compel without prejudice.
19 MS. DEDINAS: Sure.
20 THE COURT: And then we'll give you leave to refile
21 it at some later date.
22 MS. DEDINAS: Okay.
23 THE COURT: Okay?
24 MS. DEDINAS: Excellent.
25 THE COURT: And then the briefing before Judge

1  Feinerman on defendant Varsha Shah's motion for summary
2  judgment, that's due on August 16th.
3         MR. McJESSY:  Yes.
4         THE CLERK:  (Inaudible.)
5         THE COURT:  Oh, it will be completed by then, you're
6  right, I'm sorry.
7         MS. DEDINAS:  And, your Honor, we will be filing
8  a cross motion on that just so --
9         THE COURT:  Make sure that we get a courtesy copy --
10        MS. DEDINAS:  Sure.
11        THE COURT:  -- if you would on that.
12        MR. McJESSY:  I don't know if the Court needs to be
13 aware of this, but they had asked for a change in the briefing
14 schedule on that motion, which the Court granted without
15 anybody appearing, which was efficient because it saved us a
16 court appearance.
17        The problem is I'm on vacation tomorrow through all
18 of next week, so I'm not going to -- the Court didn't know
19 that.
20        THE COURT:  Is this something Judge Feinerman set or
21 did I set it?
22        MR. McJESSY:  He set it, so it's not an issue.  I may
23 be filing a motion to ask for a little bit more time on
24 that --
25        THE COURT:  File an unopposed motion.  I would think

1 he'd grant it.

2 MR. McJESSY: I would think so. I tried to reach
3 counsel, and I think I spoke to Nada, and before we could even
4 talk -- I'd sent her an e-mail -- the order came through.
5 Judge Feinerman was very efficient, so --

6 THE COURT: Well, that's good. All right. Then
7 we've got plaintiff's Rule 26(b)(2)(C) motion to strike and
8 limit discovery, which was filed today, and it's set for next
9 Tuesday and we're striking that date.

10 Do you want a chance to respond to this?

11 MR. McJESSY: Yeah, I didn't even see what the motion
12 was that was filed, Judge.

13 THE COURT: Plaintiff's motion.

14 MR. McJESSY: It's what?

15 MR. OHLMS: Just concede.

16 (Laughter.)

17 THE COURT: I think you should just give up right
18 here.

19 MR. OHLMS: (Inaudible), Judge.

20 THE COURT: Yes, please.

21 MR. McJESSY: I'm not back until the 10th. I'm
22 leaving tomorrow, and then I'm gone again the week of the
23 27th.

24 THE COURT: Could we see your tickets, please?

25 MR. McJESSY: Huh? Well, driving both vacations,

1 your Honor, if you'd like to switch with me and drive in the
2 car where we're going.
3    (Laughter.)
4        THE COURT: So how much time do you want?
5        MR. McJESSY: Could I have until the 7th of
6 September?
7        THE COURT: Sure.
8        MR. McJESSY: Thank you, your Honor.
9        THE COURT: Is that enough?
10        MR. McJESSY: That should be fine because I'm also
11 back the week of the 3rd, so --
12        THE COURT: And then you want a chance to reply?
13        MS. DEDINAS: Yes.
14        THE COURT: If you do, call, or do you want to just
15 go ahead --
16        MS. DEDINAS: Can we just set it, take ten days?
17        THE COURT: Yeah. Do you have those dates?
18        MS. DEDINAS: I don't know what day of the week that
19 is.
20        THE CLERK: I'm sure that would be Tuesday,
21 September 18th. And the 25th is a Tuesday.
22        THE COURT: Yeah, we're going to kick that to the
23 27th. Rosa just pointed out to me. I'm sorry I have to have
24 you do this.
25        Actually, can they just come by chambers?

1    (Discussion held off the record between clerk and judge.)
2        THE COURT:  Leave it where it is.  You can do that.
3    Just speak up when you come in so we can have a record.
4        MR. McJESSY:  Of --
5        THE COURT:  Of the 25th, our status on the 25th
6    because we're going to want a transcript of it.
7        MR. McJESSY:  Speak up of what?
8        THE COURT:  On the microphone.
9    (Laughter.)
10       MR. McJESSY:  Oh, I'm sorry.  Talk louder.
11       THE COURT:  Yeah.
12       MR. McJESSY:  I'm sorry.
13       THE COURT:  So we can keep a record.
14       MR. McJESSY:  Okay.
15       THE COURT:  And what do you have to say, anything?
16       MR. ROGOVIN:  Nothing to add today, your Honor.
17       THE COURT:  Nice to see you.
18   (Laughter.)
19       MR. OHLMS:  We're on track.
20       MR. ROGOVIN:  We're as happy as can be, Judge.
21       THE COURT:  Pretty quiet back there.
22       All right.  Everybody have a nice one.  We'll see you
23   on the 25th of September.
24       MR. McJESSY:  Thank you, your Honor.
25       THE COURT:  After Labor Day.

1          MR. McJESSY: Thank you, your Honor.
2          MS. DEDINAS: Thank you, your Honor.
3       (Which were all the proceedings heard.)
4                       CERTIFICATE
5    I certify that the foregoing is a correct transcript from
6 the digital recording of proceedings in the above-entitled
7 matter to the best of my ability, given the limitations of
8 using a digital-recording system.
9
10   */s/Kathleen M. Fennell*            *September 20, 2012*
11   _____     _____
     Kathleen M. Fennell                         Date
12   Official Court Reporter